[S. F. No. 4187. In Bank.—December 18, 1905.]

## D. J. SULLIVAN et al., Respondents, v. SAN FRANCISCO GAS AND ELECTRIC COMPANY et al., Appellants.

INJUNCTION — RESTRAINING CRIMINAL PROCEEDINGS — HOUSE-MOVING — INTERFERENCE WITH ELECTRIC LINES.—Persons engaged in the business of house-movers in a city under permits from the municipal authorities to move houses over and upon its public streets cannot obtain an injunction against the owners of electric-light or power lines properly maintained on such streets, and which are interfered with by them in the course of their business, nor against the police officers or courts of the municipality restraining them from instituting or maintaining criminal proceedings against the plaintiffs on account of such interference, under section 593 of the Penal Code, notwithstanding the plaintiffs allege that their acts are neither unlawful nor malicious.

ID.—EQUITY JURISDICTION—MULTIPLICITY OF SUITS.—Courts of equity have no jurisdiction, either on the ground that it will prevent a

multiplicity of actions or that it will prevent an injurious inter-
ference with plaintiff's business, to proceed to investigate as to the
truth of criminal charges that have been or may be preferred against
him, to hear the evidence in regard to his guilt or innocence, to
determine in advance of the decision of the lawfully constituted crim-
inal courts the question of his guilt or innocence of pending charges
and his probable guilt or innocence of future charges, and, if found
in his favor, to forestall the action of the law courts and enjoin
the enforcement of a constitutional and valid law against him on
the sole ground that there is not, and never will be, sufficient evidence
of his guilt.

APPEAL from an order of the Superior Court of the City
and County of San Francisco granting an injunction.    James
M. Troutt, Judge.

The facts are stated in the opinion of the court.

Page, McCutchen & Knight, and I. Harris, for Appellants.

Sooy & Dorn, and C. W. Eastin, for Respondents.

SHAW, J.—This action was begun in the superior court of
the city and county of San Francisco, for the purpose, as stated
in the prayer of the complaint, of enjoining the defendants and
each of them ''from making or filing any criminal complaint,
or issuing or serving any warrant of arrest, or arresting plain-
tiffs, or eitner of them, by reason of the taking down, cutting,
or removal by any of said plaintiffs of the electric wires of
the defendant, the San Francisco Gas and Electric Com-
pany.''    The court, upon application therefor, and after a
hearing, made an order for an injunction during the pend-
ency of the action as prayed for.    From this order the
defendants have appealed.

According to the allegations of the complaint and the
proofs at the hearing, the plaintiffs are severally pursuing
the occupation of house-movers in the city of San Francisco,
and have and procure from the city as often as may be neces-
sary, permits to move over and upon the public streets of
the city the houses which they may be employed to move, and
that in so doing the wires of the defendant, the San Francisco
Gas and Electric Company, which overhang the streets, inter-
fere with the moving of the houses, so that it is necessary
to cut and temporarily remove the wires while the houses

are being moved along the particular street over which the wires extend. The plaintiffs, or some of them, have cut these wires in some instances, and have been arrested therefor at the instigation of the electric company and charged with violating the provisions of section 593 of the Penal Code. It is alleged that the further cutting of such wires will frequently be necessary in the business in which the plaintiffs are engaged; that they cannot carry on the business without doing so; that the electric company threaten similar criminal prosecutions against plaintiffs for each instance of interference with the said wires; and that the plaintiffs in good faith claim and believe that they have the lawful right to cut and remove such wires for said purposes, and have cut them and propose to continue so to do under and in pursuance of said belief and claim. Section 593 is as follows: "Every person who unlawfully and maliciously takes down, removes, injures, interferes with, or obstructs any line erected or maintained by proper authority for the purpose of transmitting electricity for light, heat, or power, or any part thereof, or any insulator or cross-arm, appurtenance or apparatus connected therewith, or severs or in any way interferes with any wire, cable, or current thereof, is punishable by imprisonment in the state prison not exceeding five years, or by fine not exceeding five hundred dollars, or imprisonment in the county jail not exceeding one year." The San Francisco Gas and Electric Company, in the course of its business, maintains wires strung on poles over, across, and along the streets of the city, for the purpose of supplying the city and its inhabitants with electric light, and under the provisions of the state constitution (art. XI, sec. 19) it has the right to use the streets for that purpose, subject to such regulations as may be made by the municipal authorities. It may be conceded, for the purposes of this case, that the plaintiffs also have the right to use the streets for the purpose of moving houses thereon from place to place in the city, subject to such regulations as the city authorities may impose. It is not contended that section 593 is invalid or unconstitutional. Indeed, this could not well be claimed, for it forbids only the unlawful and malicious removal or interferences with the wires, and even if such wires constituted unlawful obstructions in the street, they would still be private property, and the unlawful and

malicious injury of them would be a proper subject for punishment under the police power of the state. The case of the plaintiffs, therefore, is an application to a court of equity for an injunction to prevent the officers and courts of the municipality, and the person whose property is injured, from instituting, entertaining, or maintaining criminal prosecutions against the plaintiffs for alleged violations of the valid criminal law of the state. As a ground for the application for this relief, the plaintiffs assert that they have not been guilty of such offense, and will not in the future be guilty thereof; that although they have injured the wires of the electric company and propose to continue to injure them from time to time, they have not done so, and will not in the future do so, either unlawfully or maliciously, and consequently are not and will not be guilty of any offense under the law; and that they have been, and will hereafter be, prosecuted for such acts committed without malice and lawfully, and that such prosecutions will be without reasonable or probable cause, and to the injury or destruction of their right to carry on their business of house-moving and their civil right to use the streets for that purpose.

The statement of the case is sufficient to show that it is without merit. Courts of equity will, in proper cases, enjoin the attempt to enforce a law or ordinance making certain acts a criminal offense and imposing a punishment therefor, where the law or ordinance is invalid and its enforcement will injure or destroy the plaintiff's property or property rights. The recent authorities are practically unanimous on this proposition. Some of the decisions even go so far as to hold that injunction will lie where the enforcement of the invalid law does not directly affect property or rights thereto, but operates upon the plaintiff's business, and thereby causes him material and irreparable loss. (*City* v. *Beckham,* 118 Fed. 399; *Mills* v. *Chicago,* 127 Fed. 731; *Greenwich Ins. Co.* v. *Carroll,* 125 Fed. 121.) But upon this latter point there is a conflict, and the weight of authority and reason seems to be to the contrary. (*Brown* v. *Mayor,* 140 Ala. 590, [37 South. 173]; *Bainbridge* v. *Reynolds,* 111 Ga. 758, [36 S. E. 935]; *Mayor* v. *Patterson,* 109 Ga. 370, [34 S. E. 600]; *Coykendall* v. *Hood* (Sup.) 55 N. Y. Supp. 718; *Davis Mfg. Co.* v. *Los Angeles,* 189 U. S. 207, [23 Sup. Ct. 498]; *Ex parte*

*Sawyer*, 124 U. S. 200, [8 Sup. Ct. 482]; *Crighton* v. *Dahmer*, 70 Miss. 602, [13 South. 237], 35 Am. St. Rep. 666 and cases cited in note thereto on page 677.) These, however, are all cases where the penal law was considered invalid. The single case of *Shinkle* v. *Covington*, 83 Ky. 420, in which the law was declared valid, was based on peculiar circumstances, and has no application to the case at bar, even if it is conceded to be correctly decided. But in the case now before the court there is no question concerning the validity of the law, and the defendants cannot be justly found guilty of a violation thereof, unless they act unlawfully and maliciously. We know of no principle of jurisprudence which authorizes a court of equity, on the ground that it will prevent a multiplicity of actions, or that it will prevent an injurious interference with plaintiff's business, to proceed to investigate as to the truth of criminal charges that have been or may be preferred against him, to hear the evidence in regard to his guilt or innocence, to determine, in advance of the decision of the lawfully constituted criminal courts, the question of his guilt or innocence of pending charges and his probable guilt or innocence of future charges, and, if found in his favor, to forestall the action of the law courts and enjoin the enforcement of a constitutional and valid law against him, on the sole ground that there is not, and never will be, sufficient evidence of his guilt. This, in substance, is the relief which the plaintiffs demand. The answer to the application is that the plaintiffs' remedy in the courts of law is complete and adequate. Every person is subject to the chance that he may be prosecuted for some offense of which he is not only not guilty, but as to which there is no reasonable or probable cause to believe him guilty. The prosecution must of course be in some court having jurisdiction of the offense. In that court he has an opportunity to make his defense to the charge, to rebut the evidence against him, and introduce evidence in his favor. The presumption that such court will give him a fair trial and decide justly in his case is as strong as the presumption that a court of equity will fairly try and justly decide his application for an injunction involving the same facts. There is no rule which permits a person to substitute a court of equity for the courts of law in the decision of such matters of fact, and, by anticipatory action

therein, take from the regularly constituted criminal courts their jurisdiction of the particular offense in question. All persons must submit to the due process of law in the courts vested with lawful jurisdiction of legal offenses charged against them, and the fact that such courts may give an erroneous decision is no ground for relief in a court of equity by way of injunction to prevent them from acting at all, or to interfere with their judgments when made. As was said in *Davis* v. *American Society*, 75 N. Y. 362, "An innocent person, upon an accusation of crime, may be arrested and ruined in his character and property, and the damage he thus sustains is *damnum absque injuria,* unless the case is such that he can maintain an action for malicious prosecution or false imprisonment. He is exposed to the risks of such damage by being a member of an organized society, and his compensation for such risks may be found in the general welfare which society is organized to promote."

The case seems to have grown out of a dispute between the plaintiffs and the electric company concerning the amounts which house-movers should pay to the company for the expenses and damages caused by the cutting of the wires when necessary, the right of the company to demand a deposit in advance to cover such expense, and concerning the question which party has the paramount right to use the streets for the purposes of their business. The object apparently sought by the suit is a judicial determination of these questions in a court of equity, to be used as a precedent in the criminal courts upon the trial of prosecutions under section 593, or which would have the effect of deterring the defendants from beginning such prosecutions. The superior court is as competent to decide such questions when sitting as a criminal court in the trial of a criminal cause as it would be upon the trial of a suit in equity, and there is no reason why the plaintiffs should not be restricted to the criminal courts for the preservation of their rights and the maintenance of their defenses. However desirable and beneficial such a predetermination by a court of equity would be, it gives no right to invoke equity jurisdiction.

The order granting the injunction is reversed.

McFarland, J., Angellotti, J., Lorigan, J., and Henshaw, J., concurred.