AMALGAMATED OIL GAS CORPORATION v. CITY AND COUNTY OF
SAN FRANCISCO et al.

(District Court, N. D. California, Second Division.    January 12, 1920.)

No. 392.

INJUNCTION ☞85(1)—ERRONEOUS APPLICATION OF VALID ORDINANCE WILL NOT
BE RESTRAINED.

Allegations that municipal authorities were threatening to enforce the
penalties of an ordinance regulating the sale and use of crude oil, etc.,
against plaintiff's business of selling burners, and that the ordinance did
not properly apply to its business, etc., do not authorize the issuance of
an injunction, for such relief will be granted only if an ordinance is un-
constitutional and its enforcement will directly invade plaintiff's property
rights, and bill presents neither element.

In Equity.   Bill by the Amalgamated Oil Gas Corporation against
the City and County of San Francisco and Charles Towe, as Fire Mar-
shal of said City and County.   Restraining order vacated, temporary
injunction denied, and motion to dismiss the bill granted.

Theodore A. Bell, of San Francisco, Cal., for plaintiff.

Coogan & O'Connor, and George Lull, City and County Atty., both
of San Francisco, Cal., for defendants.

VAN FLEET, District Judge.   A mature consideration of the pres-
entation had on the application for an injunction pendente lite here-
in has satisfied me that the bill cannot be maintained, but that the re-
straining order heretofore granted should be vacated, and the bill
dismissed.   It seeks to restrain the enforcement of a municipal ordi-
nance regulating the use of crude oil and its products for fuel pur-
poses, etc., the pertinent provisions of which are these:

"Sec. 2.   No person or persons, firm, company or corporation shall, within
the limits of the city and county of San Francisco, construct, erect or main-
tain any plant, or use any device or apparatus for burning crude petroleum
or any of its products for fuel purposes, or use any device or apparatus where-
by a gas is generated from crude petroleum or any of its products for fuel
purposes, without permission of the board of supervisors of the city and county
of San Francisco; said plant, device or apparatus shall be constructed, erected
and placed in position to the satisfaction and with the approval of the fire
marshal of the city and county of San Francisco, and in such manner as said
fire marshal shall deem safe to life and property.

"The fire marshal is hereby authorized, empowered and directed to prescribe
the necessary conditions which shall govern the exercise of special privileges
granted by the board of supervisors for the storage and use of crude petroleum
as a fuel:

"Provided, however, that this section shall not apply to ordinary kerosene
or coal oil lamps or properly constructed kerosene or coal oil stoves, using oil
which will stand a fire test of 110 degrees Fahrenheit or better, before it will
flash or emit an inflammable vapor.

"No crude petroleum or any of its products, or any oils or fluids, shall be
used for fuel, cooking, heating or illuminating purposes within the city and
county of San Francisco, unless the same will stand a fire test of 110 degrees
Fahrenheit or better, before it will flash or emit an inflammable vapor."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The ordinance makes a violation of its terms a misdemeanor punishable by fine or imprisonment, or both.

The material averments of the bill, after setting out the ordinance, are that plaintiff is the owner of a device or burner known as the "Kerodox Burner," covered by patents, for burning hydrocarbon vapors generated from crude oil, in the manufacture, demonstration, and sale of which it is engaged throughout the United States; that the burner is intended to be used, and can only be used, when installed in or attached to an ordinary kitchen stove, and when so used the burner and stove in combination "constitutes a properly constructed kerosene stove," and that the oil as it is used therein will stand a fire test of 110 degrees Fahrenheit or better before it will flash; that plaintiff has granted to a licensee the right to manufacture, demonstrate, and sell the device in a number of states, including the state of California, in consideration of which its grantee pays plaintiff a fixed royalty upon each burner manufactured and sold within said territory; that the licensee has established a place of business in the city and county of San Francisco for the manufacture, exhibition and sale of such burner, and is engaged in steps looking to its distribution and sale to purchasers throughout the granted territory; that the defendants, claiming or purporting to act under the terms of the foregoing ordinance, have threatened to arrest plaintiff's licensee, his servants and agents, or any purchaser attempting to use said burner within the municipality, and prosecute them criminally as for a violation of the ordinance, and that they will continue to arrest and prosecute any such user for every successive attempt to use the device, and have declared and proclaimed in a public manner that the plaintiff's burner is a fire menace, dangerous for use, and that its use will not be permitted within said city of San Francisco, and by divers other acts and declarations are interfering with and preventing the demonstration, sale, or use of said burner within said municipality; and it is alleged that, unless the defendants are restrained from further making such threats and committing such acts, plaintiff's ability to sell and dispose of its said burner within said municipality will be wholly prevented, and its sale in other parts of the country materially interfered with, to the plaintiff's irreparable injury.

These facts do not make a case for equitable intervention. There is no averment or contention that the ordinance assailed is in any respect, when properly applied, invalid or beyond the power of the municipality, or that its subject-matter is not within the regulatory province of its legislative body; the contention being merely that it is void as sought to be applied to the plaintiff's acts. In that respect the plaintiff says:

"We do not understand that it is necessary for plaintiff to show that the ordinance is wholly void. It is undoubtedly valid as to most of the objects which it seeks to accomplish, but when an attempt is made to 'wrest it from its legitimate purposes' for the purpose of preventing the plaintiff from engaging in a lawful business, it certainly is void as to plaintiff, its licensee, and prospective purchasers of the device."

It will thus be seen that what plaintiff really is complaining of is, not an attempt or threat to enforce, as against it, an unconstitutional

or otherwise invalid regulation, but a mistaken or unwarranted effort to subject it to a regulation which, it claims, has no application to the subject-matter involved, and the substance of its contention is that the threats of the defendants to subject it, and those deriving their rights from it, to prosecution under a law which does not apply to it, constitutes an invasion of its property rights which equity may restrain.   In this plaintiff is mistaken.   Its position amounts to no more than that equity may competently intervene to restrain threatened criminal proceedings for the alleged violation of a perfectly valid and constitutional law, merely because such proceedings are based upon what is claimed to be a misapplication of its terms to an act which does not in fact fall within its denunciation, and will thereby work injury to plaintiff's business.

Equity possesses no such jurisdiction.   The exceptional instances in which a court of equity is justified in interposing its restraining arm to prevent criminal prosecutions are fully and elaborately considered in Re Sawyer, 124 U. S. 200, 8 Sup. Ct. 482, 31 L. Ed. 402, Davis & Farnham v. Los Angeles, etc., 189 U. S. 207, 23 Sup. Ct. 498, 47 L. Ed. 778, and Dobbins v. Los Angeles, 195 U. S. 223, 25 Sup. Ct. 18, 49 L. Ed. 169, and need not be restated.   It is sufficient to say that within the principles there announced it is essential, as a predicate for the relief here sought, that it appear, not only that the ordinance involved is unconstitutional, but that its enforcement will result in a direct invasion of property rights.   Neither of those elements are presented in the present bill, since it clearly appears that the injury or loss to plaintiff's business or rights of property would be simply such as would incidentally flow from the arrest and prosecution threatened. Moss & Co. v. McCarthy (C. C.) 191 Fed. 203.   Where the ordinance or law is, as here, clearly constitutional, but a party conceives himself to be unjustly harrassed by prosecution or threats of prosecution, his remedy is at law by a defense in the criminal court, where all proper defenses will be open to him; and it adds nothing to the bill making for equitable relief that there are threats of successive or repeated prosecutions.   Sullivan v. San Francisco Gas & Electric Co., 148 Cal. 368, 83 Pac. 156, 3 L. R. A. (N. S.) 401, 7 Ann. Cas. 574.

Nor do the averments that the device constitutes "a properly constructed kerosene stove," and as to the flash test of the oil used therein, evidently intended to bring the plaintiff's burner within the exception to the ordinance, add anything to the bill.   They tend, if anything, to emphasize the fact that plaintiff has mistaken its remedy.   If true, their effect is merely to show that plaintiff is entitled to a permit or license to make and sell its burner under the very terms of the ordinance.   If this be so, its remedy is to apply for a permit, and, if unjustly refused, to compel its issuance by a proper proceeding at law (Pacific States Supply Co. v. City and County of San Francisco [C. C.] 171 Fed. 727); and there is no averment that any such steps have ever been taken.

Let the restraining order be vacated, a temporary injunction denied, and the motion to dismiss the bill granted.