[Civ. No. 3492. Second Appellate District, Division One.—April 4, 1921.]

LOS ANGELES TITLE INSURANCE COMPANY (a Corporation), Respondent, v. THE CITY OF LOS ANGELES (a Municipal Corporation), et al., Appellants.

[1] Injunction—Restraining Criminal Proceedings.—An injunction will not be granted to protect any person from prosecution for the alleged commission of a criminal offense by proving to a court of equity that he is not guilty thereof, since the court having jurisdiction over such offenses is the forum in which such questions of fact must be determined.

1. Power of equity to enjoin criminal prosecutions, notes, 1 Ann. Cas. 121; 7 Ann. Cas. 576; 19 Ann. Cas. 459; Ann. Cas. 1916C, 1153; Ann. Cas. 1918E, 795.

[2] Id.—Enforcement of License Tax Ordinance—Excessive Penalties—Insufficient Ground for Relief.—A title insurance company is not entitled to an injunction restraining the officers of a municipality from enforcing a license tax ordinance against it, where the validity of the ordinance is not challenged on any ground except that by reason of the severe penalties imposed, its enforcement will constitute a denial of due process of law and of the equal protection of the laws.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Reversed.

The facts are stated in the opinion of the court.

Chas. S. Burnell, City Attorney, Jess E. Stephens, City Attorney, Wm. P. Mealey, Assistant City Attorney, and Julius V. Patrosso, Deputy City Attorney, for Appellants.

Tom C. Thornton and O'Melveny, Millikin & Tuller for Respondent.

CONREY, P. J.—From the complaint in this action it appears that the city council of the city of Los Angeles adopted an ordinance providing for licensing and regulating the carrying on of certain professions, trades, callings, and occupations. It was provided in the ordinance that on and after January 1, 1920, it shall be unlawful for any person, etc., to carry on any of said occupations without having first procured a license from the city so to do. Certain fees are to be paid for each license. Among the businesses specified is that of searching titles to real property and issuing abstracts, statements, or certificates purporting to show the condition of the title to any particular property, "but which abstract, statement, or certificate does not insure or purport to insure the title to real property, or any interest therein." Violation of the provisions of the ordinance is made a misdemeanor punishable by a fine of not more than five hundred dollars or by imprisonment in the city jail for a period of not more than six months, or by both such fine and imprisonment. "Each such person, firm or corporation shall be deemed guilty of a separate offense for every day during any portion of which any violation of any provision of this ordinance is committed, continued or permitted by such person, firm or corporation, and shall be

punishable therefor as provided by this ordinance.'' The complaint further shows that the plaintiff is engaged solely in the business of issuing for a premium certain classes of documents (which are set forth as exhibits to the complaint) relating to the title of real property. The plaintiff does not issue any abstracts, statements, or certificates relating to the condition of title to any property, or purporting to show or certify to the condition or state of title to any property, excepting only the said documents. It is further alleged: ''That under and pursuant to the terms and provisions of article XIII, section 14, constitution of the state of California and acts of the legislature of the state of California passed pursuant thereto, plaintiff is compelled to pay to the state of California as a tax a certain percentage of its gross premiums. Plaintiff alleges upon its information and belief that by the terms and under the force and effect of said section 14, article XIII, of the constitution of the state of California, it is not subject to any taxation by the defendant city of Los Angeles either in the form attempted by said purported Ordinance No. 39,600 (New Series) or otherwise or at all, and that said city of Los Angeles has no jurisdiction to impose upon this plaintiff the tax or so-called license fee provided in said ordinance.''

It is alleged that the city of Los Angeles threatens to and will, unless restrained and enjoined therefrom, endeavor to enforce the terms of said purported ordinance against the plaintiff; that if plaintiff fails or declines to secure a license and to pay therefor the fees as fixed and provided in the ordinance, the city will institute criminal proceedings against the plaintiff and its officers for alleged breach of the purported ordinance and will cause the plaintiff and its officers to be prosecuted therefor, and will endeavor to collect from the plaintiff the fees provided in said ordinance. Further facts are stated to the effect that such adverse proceedings against plaintiff will result in great and irreparable injury and damage to the plaintiff and its business; that plaintiff has no plain, speedy, and adequate remedy at law.

By reason of the facts so alleged, the plaintiff prayed for a judgment decreeing that said purported ordinance has no operation or effect as to the plaintiff; that the plaintiff has a right to conduct its business without procuring the license

provided for in the purported ordinance and without paying the fees fixed therein, and that the defendant city, its officers and agents, be enjoined from attempting to enforce any of the provisions of said purported ordinance against the plaintiff.

The defendants demurred to the complaint upon the grounds that the court has no jurisdiction of the subject of the action and that the complaint does not state facts sufficient to constitute a cause of action against the defendants or any of them. The demurrer having been overruled, defendants declined to answer, and a decree was entered in favor of the plaintiff in accordance with the prayer of the complaint. The defendants appeal from the judgment.

Aside from the contention (which will be considered later herein) that the ordinance is void by reason of excessive penalties provided therein, no attack is made upon its validity. If it be true in fact that the plaintiff in the course of its business limits itself to the business of an insurance company, then it is not subject to the provisions of the ordinance, or, in other words, the ordinance does not apply to the plaintiff and its business. The ordinance does not in any way disregard the provisions of the constitution to which reference has been made. This being so, the plaintiff's action is one wherein it seeks to enjoin certain officers of the defendant city, charged with the enforcement of its laws, from wrongfully prosecuting the plaintiff by accusing it of the commission of a misdemeanor in that it has violated the provisions of a valid ordinance. The case is practically the same as it would be if these officers were threatening to prosecute the plaintiff for conducting a grocery business without obtaining a license required by the ordinance, when in fact the plaintiff was not conducting or proposing to conduct a grocery business in the city of Los Angeles. [1] It seems very clear that an injunction will not be granted to protect any person from prosecution for the alleged commission of a criminal offense by proving to a court of equity that he is not guilty of such offense. The court having jurisdiction over criminal offenses is the forum in which such questions of fact must be determined. "Courts of equity will, in proper cases, enjoin the attempt to enforce a law or ordinance making certain acts a criminal offense and imposing a punishment therefor, where the law

or ordinance is invalid and its enforcement will injure or destroy the plaintiff's property or property rights. . . . These, however, are all cases where the penal law was considered invalid. . . . We know of no principle of jurisprudence which authorizes a court of equity, on the ground that it will prevent a multiplicity of actions, or that it will prevent an injurious interference with plaintiff's business, to proceed to investigate as to the truth of criminal charges that have been or may be preferred against him, to hear the evidence in regard to his guilt or innocence, to determine, in advance of the decision of the lawfully constituted criminal courts, the question of his guilt or innocence of pending charges and his probable guilt or innocence of future charges, and, if found in his favor, to forestall the action of the law courts and enjoin the enforcement of a constitutional and valid law against him, on the sole ground that there is not, and never will be, sufficient evidence of his guilt." (*Sullivan* v. *San Francisco Gas etc. Co.*, 148 Cal. 368, [7 Ann. Cas. 574, 3 L. R. A. (N. S.) 401, 83 Pac. 156].)

[2] Respondent, while conceding the validity of the ordinance in all other respects, contends that by reason of severe and rigorous penalties imposed thereby, its enforcement against the plaintiff will constitute a denial of due process of law and of the equal protection of the laws. The doctrine relied upon, in so far as it has the support of judicial authority, is declared in *Ex parte Young*, 209 U. S. 123, [14 Ann. Cas. 764, 13 L. R. A. (N. S.) 932, 52 L. Ed. 714, 28 Sup. Ct. Rep. 441, see, also, Rose's U. S. Notes]. This decision has been approved in many later cases, some of which are mentioned in the brief of respondent herein. As stated by counsel for respondent, it was determined in *Ex parte Young* "substantially as follows: That when the penalties for disobedience of a law are by fines or imprisonment so heavy and severe that the persons affected thereby are as a practical proposition prevented from resorting to the courts *for the purpose of determining the validity of the statute*, they are thereby denied the equal protection of the law, and their property rendered liable to be taken without due process of law, and that such statute is therefore void as being in conflict with the constitution of the United States." We have underscored the clause in counsel's state-

ment which differentiates that decision, and those which have followed it, from the case at bar. There is nothing in the present action evincing a purpose of, or necessity for, determining the validity of the provisions of the ordinance whereby license fees are imposed upon persons conducting the business specified therein. In *Ex parte Young, supra,* the supreme court of the United States quoted from its earlier decision in *Cotting v. Godard,* 183 U. S. 79, [46 L. Ed. 106, 22 Sup. Ct. Rep. 30, see, also, Rose's U. S. Notes], as follows: "It is doubtless true that the state may impose penalties such as will tend to compel obedience to its mandates by all, individuals or corporations, and if extreme and cumulative penalties are imposed only after there has been a final determination of the validity of the statute, the question would be very different from that here presented. But when the legislature, in an effort to prevent any inquiry of the validity of a particular statute, so burdens any challenge thereof in the courts that the party affected is necessarily constrained to submit rather than take the chances of the penalties imposed, then it becomes a serious question whether the party is not deprived of the equal protection of the laws." This was very far from a declaration that one who is not challenging the validity of a statute upon any other ground, will by reason of the severity of the penalties prescribed by the statute be entitled to a decree restraining the officers of the law from prosecuting him for alleged violation of such statute.

The judgment is reversed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 2, 1921.

All the Justices concurred.