**P. E HARRIS & CO. v. O'MALLEY et al.**

(Circuit Court of Appeals, Ninth Circuit. December 15, 1924.)

No. 4330.

Injunction ⟨⟩105(1)—Will not lie to restrain criminal suit because of alleged erroneous administrative construction.

A proceeding for forfeiture of traps, nets, or fishing appliances, used in violation of Act June 6, 1924, for protection of Alaska fisheries, is criminal rather than civil, to restrain which injunction will not lie because of erroneous construction of statute by Bureau of Fisheries, no rights of property being involved to an extent warranting interference by court of equity.

Appeal from the District Court of the United States for Division No. 1 of the District of Alaska; Thos. M. Reed, Judge.

Injunction by P. E. Harris & Co., a corporation, suing in its own behalf and on behalf of all others similarly situated, against Henry O'Malley, individually and as Commissioner of Fisheries, and others. From a decree sustaining a demurrer to the bill of complaint, plaintiff appeals. Affirmed.

The corporation, plaintiff below, appeals from a judgment entered in consequence of sustaining a demurrer to a complaint.

By Act of June 6, 1924, for the "protection of fisheries of Alaska, and for other purposes" (68th Congress [43 Stat. 464]), it is made unlawful to kill or take salmon (except in manner not here material) in Alaskan waters from 6 o'clock p. m. of Saturday of each week until 6 o'clock a. m. of the Monday following, or during such further closed time as may be declared by authority then or thereafter conferred, and throughout the weekly closed season prescribed in the statute the gate or mouth of all stationary or floating traps shall be closed and 25 feet of the webbing or net of the "heart" of such traps on each side next to the "pot" shall be lifted or lowered in such a manner as to permit the free passing of salmon or other fish. The statute (section 6) provides that violators of any of the provisions of the act or of the Act of Congress approved June 26, 1906, or of any regulation made under the authority of either acts, shall, upon conviction, be punished by fine or imprisonment or both, and that every trap, net, or other appliance used in the violation of the act, or of the Act of June 26, 1906, shall be forfeited to the United States; proceeding for forfeiture to be "in rem under the rules of admiralty."

The complaint avers that plaintiff owned and operated stationary and floating traps in the waters of Alaska to catch salmon to supply its cannery with fish; that during the weekly closed season its stationary traps

are made to comply with the statute and regulations by means of shove-downs so installed that 25 feet of the webbing or net of the heart walls can be lowered so as to make V-shaped openings extending about 30 feet below the surface of low water, whereas the fish which enter or pass through swim at a depth less than 6 feet; that the floating traps have a rectangular opening 25 feet in width and 6 feet in depth; that the method pursued which is described at length was regarded as a compliance with the statute until June, 1924, when the Bureau of Fisheries, after the decision of this court in Thlinket Packing Co. v. United States, 236 F. 112, 149 C. C. A. 319, superseded prior instructions, and now threatens to prosecute appellant and confiscate its traps if it continues to maintain its traps as it formerly did with the V-shaped openings which were used prior to June 9, 1924. It is alleged that the present construction of the law is erroneous and in disregard of the will of Congress, and that, if adopted, appellant will be deprived of the use of its traps, and will suffer great injury, and will be subjected to a multiplicity of suits. The prayer asks for injunction against the enforcement of the order of the Bureau of Fisheries, and that defendants be restrained from bringing criminal proceedings against the plaintiff corporation and its employés, and from bringing proceedings to effect seizure and forfeiture of plaintiff's property.

J. A. Hellenthal, Hellenthal & Hellenthal, R. E. Robertson, and H. L. Faulkner, all of Juneau, Alaska, for appellant.

Arthur G. Shoup, U. S. Atty., and Howard D. Stabler, Asst. U. S. Atty., both of Juneau, Alaska, for appellees.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). Appellant does not contend that the statute of 1924, under which it is alleged the officials of the United States threaten to proceed by criminal prosecution and by proceedings for forfeiture, is unconstitutional or invalid, but takes the position that equity will enjoin the bringing of a criminal prosecution when it is necessary to prevent irreparable injury to property or a multiplicity of suits. The case of appellant can only stand by looking upon the question of a violation of the statute as a civil, rather than a criminal proceeding. But it cannot be so viewed. In Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746, information was filed for seizure of certain property under the revenue statutes. Penalty was fine and imprisonment, and provision was also made for the forfeiture of the goods. Action was brought to enforce forfeiture, and effort was made by the government to avail itself of a section of the United States statutes which compelled the defendant in effect to furnish testimony. The court, through Justice Bradley, said that proceedings brought for the purpose of declaring a forfeiture of a man's property by reason of offenses committed by him, though they may be civil in form, are in their nature criminal. 7 Lees v. United States, 150 U. S. 476, 14 S. Ct. 163, 37 L. Ed. 1150. The requirement that proceedings in forfeiture shall be in rem under rules in admiralty affects the form but not the character of the proceedings. The doctrine is too well established to require more than the statement that a court of equity as a rule has no jurisdiction over the prosecution of crimes or misdemeanors, and that to assume such jurisdiction "or to sustain a bill in equity to restrain or relieve against proceedings for the punishment of offenses * * * is to invade the domain of the courts of common law or of the executive and administrative department of the government." In re Sawyer, 124 U. S. 211, 8 S. Ct. 482, 31 L. Ed. 402. In Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596, the Supreme Court has very recently commented upon the rule, and recognized that there is equitable jurisdiction to restrain criminal prosecutions under unconstitutional enactments when the prevention of such prosecution is essential to the safeguarding of rights or property. But in Terrace v. Thompson, 263 U. S. 197, 44 S. Ct. 15, 68 L. Ed. 255, it was said that even the unconstitutionality of a state law was not of itself ground for equitable relief in the courts of the United States, but that equity jurisdiction will be exercised to enjoin the threatened enforcement of a state law which contravenes the federal Constitution wherever it is essential in order effectually to protect property rights and the rights of persons against injuries otherwise irremedial.

The argument that the statute, though valid, when properly construed and enforced, by reason of the alleged erroneous construction by the officials, will result in an invasion of the rights of the appellant corporation is not sound. A similar situation arose in Arbuckle v. Blackburn, 113 F. 616, 51 C. C. A. 122, 65 L. R. A. 864, where the court had before it an application to restrain an

official of Ohio from prosecuting the vendors for the sale of an article alleged 'to be in violation of the pure food laws of the state. A statute of Ohio provided against the adulteration of foods, and made it an offense to sell food which was adulterated, and effort was made to raise the question of the true construction of the act, and, if the court found that the complainant was right in its contention, the prayer was for injunction against the food commissioner from instituting criminal proceedings under the law of the state. 'Judge Day said: "To entertain the bill in this aspect would be to subvert the administration of the criminal law, and deny the right of trial by jury, by substituting a court of equity to inquire into the commission of offenses where it would have no jurisdiction to punish the parties if found guilty. It would be the extension of equity jurisdiction to cases where prosecutions in state courts by the state officers are sought to be enjoined, with a view to determining whether they shall be allowed to proceed under valid statutes in the courts of law. We think this an enlargement of the jurisdiction opposed to reason and authority."

Referring to the argument that the rule is different where property rights are involved, though the acts complained of constitute infraction of the law, it was said that that was quite a different proposition from enjoining criminal proceedings alleged to be indirectly destructive of property rights, and that a court of equity could not usurp the right of trial which both the state and the accused have in a common-law court before a jury. Jacob Hoffman Brewing Co. v. McElligott, 259 F. 525, 170 C. C. A. 487; Sullivan v. San Francisco Gas & Elec. Co., 148 Cal. 368, 83 P. 156, 3 L. R. A. (N. S.) 401, 7 Ann. Cas. 5. In the last case the court said it knew of no principle of jurisprudence which authorizes a court of equity, on the ground that it will prevent a multiplicity of actions, or an injurious interference with plaintiff's business, to proceed to investigate as to the truth of criminal charges that may be preferred against him, "to determine, in advance of the decision of the lawfully constituted criminal courts, the question of his guilt or innocence of pending charges, his probable guilt or innocence of future charges, and, if found in his favor, to forestall the action of the law courts and enjoin the enforcement of a constitutional and valid law against him, on the sole ground that there is not, and never will be, sufficient evidence of his guilt." 32 C. J. 285; 14 R. C. L. 426, 431.

This is not the time to determine whether the appellant's methods are as good as those required by the letter of the law, as laid down in Thlinket Packing Co. v. United States, supra.

The judgment is affirmed.