[L. A. No. 17569.   In Bank.—December 4, 1940.]

E. A. WALSH et al., Petitioners, v. THE RAILROAD COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

Paul H. Bruns for Petitioners.

W. Jos. McFarland, Assistant City Attorney, and John L. Bland, Deputy City Attorney, for Respondent Ray L. Chesebro, City Attorney (Los Angeles).

SPENCE, J., *pro tem.*—Petitioners filed herein a petition entitled "Petition for Writ of Prohibition and/or Writ of Injunction and for Temporary Restraining Order." The prayer of said petition asks " (1) For a declaration of their rights, duties and obligations with respect to the respondents herein, in relation to the provisions of said Motor Carrier Transportation Agent Act and said Act; and (2) For a writ of prohibition to prohibit the respondents, excepting the Railroad Commission of the State of California, from enforcing or attempting to enforce the said Act, or any of its terms or provisions, against the petitioners; and/or (3) For a writ of injunction restraining and enjoining said respondents, excepting the Railroad Commission of the State of California, from enforcing or attempting to enforce the said Act, or any of its terms or provisions, against the petitioners; and (4) For a temporary restraining order, or an alternative writ of prohibition or injunction against the respondents, excepting the Railroad Commission of the State of California, from enforcing or attempting to enforce the said act, or any of its terms or provisions, against the petitioners . . . ".

On June 14, 1940, this court ordered that an alternative writ of prohibition issue returnable on September 24, 1940. Petitioners failed however to cause the issuance or service of any alternative writ and the only respondent who has ap-

peared herein is "Ray L. Chesebro, City Attorney of the City of Los Angeles", who appeared as a named respondent and not on behalf of the respondent City of Los Angeles or any other respondent. There is nothing in the record to show that the remaining respondents, or any of them, have ever been served with or have ever had any notice of the hearing or any notice of the pendency of this proceeding.

On the return day, appearances were made only on behalf of the petitioners and on behalf of said respondent Ray L. Chesebro. Said respondent had filed a demurrer to the petition and said demurrer was argued and ordered submitted. There was also an application for leave to intervene made by Passenger Carriers, Incorporated. Said application was likewise submitted.

The petition herein is a lengthy one but, for the purpose of this discussion, the essential facts may be briefly stated. It is alleged therein that each petitioner has for some time been engaged in the business of conducting an "auto travel business" in the City of Los Angeles; that petitioners have been threatened with prosecution and certain petitioners have been arrested and are being prosecuted in the Municipal Court of the City of Los Angeles upon the charge of violating section 3 of chapter 390 of the Statutes of 1933 as amended in 1935 (Stats. 1935, chap. 665); that said statute is unconstitutional and, that, in any event, the nature of each petitioner's acts in conducting an "auto travel business", as described in the petition, did not constitute a violation of the statute.

No copy of any complaint filed against any petitioner has been set forth but said section 3 of the statute, which petitioners allege they have been charged with violating, reads in part as follows: "it shall be unlawful for any person, firm or corporation to engage in the business, or act in the capacity, of a motor carrier transportation agent within the meaning of this act without first obtaining a license therefor."

The unusual procedural situation presented here leads us to the conclusion that regardless of the question of whether the act is constitutional or unconstitutional and regardless of the nature of petitioners' acts in conducting an "auto travel business", the demurrer to the present petition must be sustained and the petition must be denied.

The first observation to be made is that the present petition must be treated solely as an application to this court

for a writ of prohibition. This court has no jurisdiction over original applications for declaratory relief or for injunctive relief, and the only relief, in the nature of injunctive relief, which may be granted by this court is that relief which is granted as an incident to the exercise of its original jurisdiction in such proceedings as prohibition proceedings.

■ The second observation to be made is that petitioners have failed to bring respondents, other than respondent Chesebro, before this court in any appropriate manner. A peremptory writ of prohibition may not issue with respect to any respondent without notice to said respondent (Code Civ. Proc., secs. 1088 and 1105; 21 Cal. Jur. 626, sec. 23) and as no notice has been given to and no appearance has been made by respondents except as above noted, no peremptory writ could issue herein with respect to respondents other than respondent Chesebro.

■ We now come to a consideration of the demurrer of respondent Chesebro to the petition on file herein. It is the contention of said respondent that said petition does not state facts sufficient to warrant the issuance of a writ of prohibition against said respondent. This contention must be sustained. It is alleged in the petition that said respondent is the city attorney of the City of Los Angeles and that he is threatening to prosecute petitioners and is prosecuting certain petitioners in the municipal court upon complaints charging violations of the above mentioned act. In so doing, said respondent Chesebro is not exercising any judicial function and it is clear that the writ of prohibition may not issue except for the purpose of arresting the proceedings of those "exercising judicial functions". (Code Civ. Proc., sec. 1102; 21 Cal. Jur. 591, sec. 7, and cases cited.)

Petitioners take the position that they will be without a remedy unless relief is granted to them in this proceeding. With this, we cannot agree. The question of the constitutionality of the act may be raised upon the trial of any petitioner or said question may be raised more expeditiously upon a *habeas corpus* proceeding. The further question of whether the acts of any petitioner constitute a violation of the statute may be raised and ordinarily can only be raised upon the trial of such petitioner. (*Sullivan* v. *San Francisco Gas & Elec. Co.,* 148 Cal. 368 [83 Pac. 156, 7 Ann. Cas. 574, 3 L. R. A. (N. S.) 401]; *Los Angeles T. Ins. Co.* v. *Los An-*

*geles,* 52 Cal. App. 152 [198 Pac. 1001].) We do not wish to be understood as holding that there are no remedies available to petitioners other than those above mentioned but we are merely indicating that petitioners are not without remedy. In fact, petitioners affirmatively allege that one of said petitioners has instituted a *habeas corpus* proceeding in the superior court and that other petitioners have instituted actions in the superior court and in the United States District Court. It seems clear however that this court cannot properly issue a peremptory writ of prohibition or other relief against any of the respondents in this proceeding for the reasons above set forth.

The application for intervention herein is made on behalf of a corporation which opposes the application of petitioners and which seeks to raise certain issues of fact. In view of our conclusion that petitioners are not entitled to any relief in this proceeding against any of the respondents, it would serve no useful purpose to permit the requested intervention.

The application of Passenger Carriers, Incorporated, for leave to intervene is denied. The demurrer of respondent Ray L. Chesebro to the petition is sustained and the petition for a peremptory writ of prohibition and other relief is denied.

Shenk, J., Traynor, J., Edmonds, J., Houser, J., Carter, J., and Gibson, C. J., concurred.