MIGUEL NIEVES, Plaintiff and Appellant, v. WILLIAM D. LÓPEZ, ACTING COMMISSIONER OF LABOR, Defendant and Appellee.

No. 8553.   Argued December 18, 1942.—Decided January 19, 1943.

*Hernán Franco* for appellant. *M. Rodríguez Ramos, Acting Attorney General, R. García Cintrón, Assistant Attorney General,* and *Angel E. Franco Cabrero, Deputy Attorney General,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

Section 1 of Act No. 73 "To Regulate the work of women and children and to protect them against dangerous occupations," approved June 21, 1919 (Laws of 1919, p. 496), as amended by Act No. 28 approved April 24, 1930 (Laws of 1930, p. 266), provides as follows:

"Section 1.—That no woman shall be employed or allowed to work at any lucrative occupation during the hours between ten o'clock at night and six o'clock in the morning, nor more than eight (8) hours during any natural day, nor more than forty-eight (48) hours during any week; *Provided, however,* That the limitation of eight (8) hours may be extended not to exceed nine (9) hours during any natural day provided that any woman so employed for wages during more than eight (8) hours in any natural day, shall be paid for work done during such extra time at a rate double the rate paid her for the preceding eight (8) working hours; but in no case

shall a woman be employed or allowed to work more than forty-eight (48) hours during any week; *Provided*, That in the industry of packing, canning or refrigeration of fruits or vegetables, any woman over sixteen (16) years of age who is not pregnant, may be employed during the night hours if she has not worked during the day, but for not more than eight hours nor more than forty-eight (48) hours during the week.

"This section shall not be applicable to women over sixteen years of age, employed as *telephone operators*, telegraphers, artists, nurses or domestics." (Italics ours.)

The appellant in this case filed a petition in the lower court for a writ of injunction against the Acting Commissioner of Labor to restrain him by himself, or by means of his employees, from interfering with his business and from bringing criminal action against him, alleging that the women who are employed therein are over sixteen years of age, telephone operators, and therefore expressly excluded from the prohibition contained in the above-mentioned act. The facts alleged in the petition and as summarized by the lower court in its decision and accepted by the appellant as correct, are as follows:

"That the plaintiff is the owner of a radio station situated on No. 2 Hipódromo St., Santurce, Puerto Rico, and of ten phonographs known as juke boxes, which are each operating in ten different commercial establishments of Santurce, and are connected, by means of telephone wires leased from the Telephone Co. of Puerto Rico, to plaintiff's station situated in Hipódromo Street, which we shall hereafter call 'the station'; that he has invested $3,650 in said equipment and phonograph records; that when someone wishes to hear a phonograph record on one of the juke boxes, that person inserts a nickel in the machine and then a red bulb is lighted in the control panel at the station which is operated by one of the four telephone operators over eighteen years of age employed by plaintiff to operate the station, which women take turns by day and by night and earn a monthly salary of $30, if they work during the day, and of $35, if they work at night; that said red light indicates to the telephone operator that in one of the ten juke boxes there is a person who is interested in the transmission of a phonograph record from the station

and then said operator, from the station, plays the record which has been requested; that said business renders to the plaintiff a net income of about $350 monthly; that the defendant and his employees appeared at the station the 7th of the preceding month of July and, relying on the provisions of Act No. 73, approved by our Legislature on July 21, 1919, forbade him, under threat of criminal prosecution, to employ women operators after ten o'clock at night; and that the defendant has the intention of making effective said threats as well as that of closing plaintiff's business, which would compel the latter to defend himself in a multiplicity of criminal proceedings which would cause him irreparable damages and would destroy his above-mentioned business.''

After a restraining order was issued, the defendant interposed a demurrer, alleging that the petition did not state sufficient facts and answered. After evidence for the plaintiff had been introduced and the parties had been heard, the lower court rendered a decision setting aside its restraining order and dismissing the complaint on the ground that ''Since it has been neither alleged nor proved that the statute by virtue of which defendant will institute criminal proceedings against the plaintiff is unconstitutional and therefore that plaintiff's property will suffer irreparable damages, this case is not covered by the exception to the general rule that courts of equity have no jurisdiction to prevent the prosecution and punishment of offenses.''

This conclusion of the lower court is upheld by numerous decisions and is correct, but it is applicable only to those facts alleged in the petition which refer to the institution of criminal proceedings by the defendant against the plaintiff. However, said petition sets forth other facts, which are not covered by the doctrine relied on by the lower court, that is, the allegation obtained in the tenth averment to the effect that the defendant ''intends to close plaintiff's business'', which is also covered by the 12th averment wherein it is alleged that ''the actions, acts, and threats of the defendant and his employees towards the plaintiff *constitute*

*unlawful acts and violations of the law,* the plaintiff relying on the exception specified by said Act No. 73 of 1919, excluding from the application thereof the telephone operators employed by the plaintiff." (Italics ours.)

In proper cases a court of equity has jurisdiction to enjoin a public officer from acting illegally without it being necessary to allege or to prove that the statute under which he acts is unconstitutional. The most recent case decided by this court wherein we made an exception to the statutory prohibition against the issuance of an injunction to prevent the execution of a statute by officers of the law for the public benefit, is that of *White Star Bus Line, Inc.* v. *Sánchez, Acting Comr.,* 59 P.R.R. 744, where it was decided that recourse may be had to the remedy of injunction where the officer attempts to enforce the statute in a way which is not authorized by law, provided that the petition alleges the facts necessary to invoke equity jurisdiction. In cases like this no question arises as to the unconstitutionality of the statute, but only as to whether or not the law authorizes the acts of the officer. As was stated in *State ex rel. Ladd* v. *District Court,* 15 L.R.A. (N. S.) 321, 334, cited in the case of *White Star Bus Line, supra,* "If acting (the officer) in excess of, or without, authority, he is not executing a public statute." See 28 Am. Jur., Injunctions, §166; Cf. *Adams* v. *Nagle,* 303 U. S. 532.

Nevertheless, the lower court limited the scope of its decision, as it expressly stated, by the fact that: "There is no proof that the defendant had threatened the plaintiff to close his business, as alleged in the complaint." From an examination of the evidence introduced by the plaintiff, the conclusion reached by the court is entirely correct and since that allegation of the complaint was not proved, the case comes within the general doctrine that courts of equity do not have jurisdiction to restrain criminal proceedings, but since in the complaint herein there is no allegation challeng-

ing the constitutionality of the law, and that plaintiff's property rights have been threatened in consequence of which he would suffer irreparable injury unless defendant is enjoined from complying with said statute, this exception to the general rule is not applicable herein.

The only allegation appearing in the tenth averment of the complaint is that "the defendant intends to carry out said threats *as well as that of closing plaintiff's business and if defendant were allowed* to do this the plaintiff would have to defend a multiplicity of criminal proceedings which would cause him irreparable damages and would result in destroying plaintiff's business, which damages would be difficult to determine . . ." No facts are alleged which, by themselves and not as a legal conclusion, constitute such irreparable damages. See *Peña & Balbás et al.* v. *Vergne,* 37 P.R.R. 265; *Benítez* v. *Municipality,* 42 P.R.R. 103.

We are of the opinion that the complaint in this case should have been dismissed for lack of sufficient facts to constitute a cause of action in equity according to the well-settled rule in our decisions and in the Supreme Court of the United States which in the case of *Spielman Motor Co.* v. *Dodge,* 295 U. S. 89, 95, speaking through Mr. Chief Justice Hughes, stated as follows:

"The general rule is that equity will not interfere to prevent the enforcement of a criminal statute even though unconstitutional. *Hygrade Provision Co.* v. *Sherman,* 266 U. S. 497, 500. See, also, *In re Sawyer,* 124 U.S. 200, 209–211; *Davis & Farnum Manufacturing Co.* v. *Los Angeles,* 189 U.S. 207, 217. To justify such interference there must be exceptional circumstances and a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights. See *Terrace* v. *Thompson,* 263 U. S. 197, 214; *Packard* v. *Banton,* 264 U. S. 140, 143; *Tyson* v. *Banton,* 273 U. S. 418, 428; *Cline* v. *Frink Dairy Co.,* 274 U. S. 445, 452; *Ex parte Young,* 209 U. S. 123, 161–162. . . . .

"Appellant's bill of complaint failed to meet this test. Appellant alleged that the District Attorney had applied to a magistrate of the city of New York for the issue of a summons directing the appear-

ance of the appellant, to the end that an investigation should be made of a complaint against him for violation of the provisions of the 'Motor Vehicle Retailing Code' and that an information charging violation should be drawn. He alleged that the District Attorney intended, unless restrained, to institute criminal proceedings. The state statute made any violation of the provisions of the code a misdemeanor punishable by a fine not exceeding $500 for each offense. The bill contained general allegations of irreparable damage and deprivation of 'rights, liberties, properties, and immunities' without due process of law, if the statute were enforced. But the bill failed to state facts sufficient to warrant such conclusions, which alone were not enough. The bill alleged that appellant had a large business in buying and selling motor vehicles, but the statute did not prohibit the continuance of that business and the bill gave no facts to show that the particular requirements of the code, which were in question, would create such a serious interference as to require equitable relief. Aside from the statement of general and unsupported conclusions, the case presented by the bill was the ordinary one of a criminal prosecution which would afford appropriate opportunity for the assertion of appellant's rights." (Italics ours.)

In the case at bar there is no allegation in the complaint that plaintiff's business could not have continued if, instead of employing women, he had employed men to work after ten o'clock at night during the pendency of the criminal case, which involved the question of whether or not the law was applicable to the women whom he employed as "telephone operators." It does not appear from the description of plaintiff's business that it was necessary for its economic success that women and not men should have been employed to work after ten o'clock at night. Any criminal prosecution against the plaintiff would not result in the destruction of his business. The facts alleged are not sufficient to show that, if plaintiff complied with the statutory provisions, irreparable damages would have been caused him.

The multiplicity of criminal proceedings to which appellant alleges he would be subjected is not by itself sufficient to justify the issuance of a writ of injunction in this case. Even though a court of equity may interfere to pre-

vent a multiplicity of suits prejudicial to property rights, as a general rule it will not interfere to prevent criminal proceedings for the sole reason of thereby avoiding a multiplicity of suits. In 28 Am. Jur., Injunctions, §235, the rule is set forth thus: "It is generally recognized that equity may intervene to enjoin institution of prosecutions under unconstitutional or void laws where property rights are threatened thereby, or other elements of equitable cognizance are present, and irreparable injury will result to the complainant unless the enforcement of such void laws is enjoined."

In the case of *Sullivan* v. *San Francisco Gas & Electric Co.*, 83 P. 156, the doctrine was applied as follows:

"We know of no principle of jurisprudence which authorizes a court of equity, on the ground that it will prevent a multiplicity of actions, or that it will prevent an injurious interference with plaintiff's business, to proceed to investigate as to the truth of criminal charges that have been or may be preferred against him, to hear the evidence in regard to his guilt or innocence, to determine in advance of the decision of the lawfully constituted criminal courts the question of his guilt or innocence of pending charges and if found in his favor, to forestall the action of the law courts and enjoin the enforcement of a constitutional and valid law against him on the sole ground that there is not, and will never be, sufficient evidence of his guilt. This, in substance, is the relief which the plaintiffs demand. The answer to the application is that the plaintiff's remedy in the courts of law is complete and adequate."

The same doctrine aplies herein. The plaintiff has a remedy at law. If he is prosecuted he may prove that the law to regulate the work of women is not applicable to those women whom he classifies as "telephone operators," on which question we render no opinion, but he can not attempt to do so in advance by relying on the remedy of equity to prevent criminal proceedings.

The judgment appealed from must be affirmed.

Mr. Justice Travieso did not participate herein.