IN RE MCDOWELL, AN ALLEGED CONTEMNOR.

[Cite as In re McDowell (1986), 22 Ohio St. 3d 161.]

(No. 85-295—Decided February 19, 1986.)

*Levin & Levin Co., L.P.A., Jack M. Levin* and *Dennis P. Levin,* for appellee.

*Owens, Martin & Gentzel Co., L.P.A., William W. Owens* and *James J. Martin,* for appellant.

*Per Curiam.* Appellant attacks the validity of the writ of prohibition issued by the court of appeals on several grounds. Appellant first asserts that the appellate court is without the authority to remove a common pleas court judge from a pending case on the basis of an alleged bias or prejudice.

This argument has become moot since the court of appeals vacated that portion of its order removing appellant from hearing the contempt proceeding on April 5, 1985. Appellee has filed a notice of appeal in the court of appeals in regard to this modification. However, appellee has yet to file the requisite notice of appeal in this court. Under the authority of Section 1(B) of Rule I and Section 1 of Rule II of the Supreme Court Rules of Practice, this court shall, *sua sponte,* dismiss appellee's appeal for lack of prosecution.

Appellant next avers that he was denied due process of law when the court of appeals issued the contested writ of prohibition without first giving appellant notice or an opportunity to be heard.

The propriety of issuing a writ of prohibition without notice to the inferior court was reviewed in *Parkison* v. *Victor* (1957), 105 Ohio App. 200, 204 [6 O.O.2d 35], wherein the court concluded that any such writ would

be void and of no effect. The holding in *Parkison* reflects the critical role notification plays in our legal system, including the adjudication of extraordinary writs. See High, Extraordinary Legal Remedies (2 Ed. 1884) 641-642, Section 803; and 2 Spelling, Injunctions and other Extraordinary Remedies (2 Ed. 1901) 1511, Section 1757. The application of this principle to actions in prohibition has been similarly followed in other jurisdictions. *McRae* v. *Forren* (1977), 5 Ariz. App. 465, 469, 428 P. 2d 129, 133; *Cleveland* v. *Ward* (1926), 116 Tex. 1, 24-25, 285 S.W. 1063, 1073; *State, ex rel., Siegel,* v. *Strother* (1956), 365 Mo. 861, 289 S.W. 2d 73; *Walsh* v. *Railroad Comm.* (1940), 16 Cal. 2d 691, 107 P. 2d 611.

Appellee contests the necessity of notice in the case at bar on the basis of this court's holding in *Railway Co.* v. *Jewett* (1882), 37 Ohio St. 649, wherein the appointment of a receiver to dispossess the defendant of his property, without notice to the defendant, was found to be lawful in lieu of the irreparable harm which would have resulted had such notice been required. Appellee argues that the trial court's order requiring the deposit of all his paychecks pending the sentencing hearing justified the appellate court's *ex parte* ruling.

Appellee also represents that appellant received a full and unfettered opportunity to present his position to the court of appeals in his application for reconsideration.

A review of the facts discloses that appellee was found to be in contempt of court on December 14, 1984; however, he did not file for a writ of prohibition in the court of appeals until December 24, 1984. It is further evident that appellee's motion to modify the trial court's contempt order was scheduled for hearing on December 26, 1984. It should also be noted that the appellate court's review of appellant's application for reconsideration was accomplished without an evidentiary hearing.

Taking the above facts into consideration together with our recognition of the essentiality of giving notice to the inferior court in the adjudication of an action in prohibition, we find the court of appeals' issuance of the within writ of prohibition without the requisite notice to the affected court to be void and of no effect.

In the pleadings before this court, both parties raise a number of arguments concerning the merits of the instant action in prohibition. This court need not address these arguments as they are beyond the scope of our inquiry. It should be noted that pursuant to R.C. 2705.09, appellee will have an available remedy in which to raise any of the procedural defects which allegedly occurred during his contempt proceeding.

For the reasons set forth in this opinion, the judgment of the court of appeals is reversed and the issuance of the writ of prohibition is vacated.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

C. BROWN, J., not participating.