# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 26, 2021

```
* * * * * * * * * * * * * *     *
CHERYLUN ANDREWS,               *      No. 19-271V
                                *
         Petitioner,            *      Special Master Sanders
                                *
v.                              *
                                *
SECRETARY OF HEALTH             *      Dismissal; Show Cause Order;
AND HUMAN SERVICES,             *      Failure to Prosecute
                                *
         Respondent.            *
* * * * * * * * * * * * * *     *
```

*Howard S. Gold*, Gold Law Firm, Wellesley Hills, MA, for Petitioner.
*Julia M. Collison*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On February 19, 2019, Cherylun Andrews ("Petitioner") filed a petition through counsel for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that she "suffered a reaction, diagnosed as serum sickness, hives, rash and allergic skin reaction" due to the Tetanus-Diphtheria-Acellular-Pertussis ("Tdap") vaccine she received on February 1, 2017. Pet. at 1, ECF No. 1.

On February 25, 2019, I ordered Petitioner to submit medical records and a statement of completion by April 5, 2019. Initial Order, ECF No. 6 at 1. On April 5, 2019, Petitioner filed a motion for an extension of time to file medical records, affidavit, and amended statement of completion instead of the required documents. ECF No. 8 at 1. I granted Petitioner until May 24, 2019, to comply with my order. ECF No. 9. Petitioner instead filed another motion for extension of time on May 24, 2019. *See* ECF No. 10. I then allowed Petitioner until July 5, 2019, to comply with my order. ECF No. 11. Petitioner missed this deadline but filed a motion for extension of time on July 8, 2019. *See* ECF No. 12. I granted the motion and reset the deadline for August 9,

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

2019. ECF No. 13. However, I directed Petitioner to file all medical records she already had in her possession by July 15, 2019. *Id.* Petitioner missed these deadlines but proceeded to file some medical records on August 13, 2019. *See* ECF Nos. 14–15. Also on August 13, 2019, Petitioner moved for an extension of time to file additional medical records as well as an affidavit and a statement of completion. ECF No. 16 at 2. I extended the deadline until September 27, 2019. Sched. Order, docketed Aug. 14, 2019. Petitioner missed the September 27, 2019 deadline, but she filed additional medical records on September 29, 2019. *See* ECF No. 17. Petitioner then moved for issuance of a subpoena, which she claimed would allow her to obtain any missing records from the pertinent time period. ECF No. 18 at 1. I authorized Petitioner to serve the subpoena and directed her to file a status report and/or medical records by November 11, 2019. ECF No. 19 at 1. Petitioner missed her deadline but filed a status report and medical records on November 13, 2019. *See* ECF Nos. 22–23. On that day, I ordered Petitioner to file her remaining medical records and a statement of completion by December 13, 2019. Sched. Order, docketed Nov. 13, 2019.

Petitioner filed a statement of completion on December 13, 2019. ECF No. 24. Petitioner stated therein that the record was complete except for her expert report and affidavit. *Id.* I ordered Respondent to submit a status report verifying the submission of all required evidence. Sched. Order, docketed Dec. 13, 2019. Per said order, Respondent noted in a June 10, 2020 status report that the medical records appeared complete but that Petitioner had not yet filed an affidavit. ECF No. 25 at 1.

On October 14, 2020, I ordered Petitioner to file an affidavit by no later than November 13, 2020. Sched. Order, docketed Oct. 14, 2020. Petitioner missed her November 13, 2020 deadline. However, Petitioner's counsel filed a status report on November 23, 2020. *See* ECF No. 26. In the status report, Petitioner's counsel wrote, "[d]espite this Court's order, Petitioner has failed to make herself available to assist in the preparation of her affidavit. Further, Petitioner has refused to cooperate in the prosecution of her claim, and there is no reasonable likelihood that this behavior will change." *Id.*

On December 7, 2020, I issued an order to show cause. ECF No. 27. I noted that Petitioner had "had nearly two months since my order to submit an affidavit, or to request an extension of time, but she [had] failed to do either." *Id.* at 1. I also stated that "613 days [had] passed since April 5, 2019, when Petitioner first requested an extension of time to submit an affidavit." *Id.* I stated that "[f]ailure to file an affidavit by . . . January 21, 2021, [would] be interpreted as a failure to prosecute this claim[]" and that "I [would] dismiss her petition." *Id.* at 2.

Petitioner did not submit an affidavit by the January 21, 2021 deadline. On February 10, 2021, my chambers emailed counsel regarding the missed deadline. Chambers directed Petitioner to file a response to the order to show cause by February 12, 2021, if she wished for a response to be considered. Informal Comm., docketed Feb. 10, 2021. Petitioner's counsel then reported that Petitioner had been unresponsive. Informal Comm., docketed Feb. 17, 2021. Petitioner has not provided any further communication or indication that she wishes to continue this case.

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991

F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183–85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

To date, 693 days have passed since Petitioner first moved for an extension of time to file an affidavit. Petitioner has had 81 days to respond to the Court's order to show cause. Petitioner's continued failure to submit an affidavit, or another response to the Court's order to show cause, indicates a disinterest in pursuing her claim. Therefore, this case must be **dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master