[Civ. No. 4017. First Appellate District, Division Two.—November 10, 1921.]

W. H. MOISE, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Respondent.

[1] Injunction—Collection of License Tax—Essentials.—An injunction will not lie to restrain the collection of a license tax pursuant to the terms of a municipal ordinance, even though the ordinance be invalid, unless it is shown that its collection will cast a cloud upon title to real property or work irreparable injury.

[2] Id.—Visiting of Premises by Police Officers—Inspection of License.—An injunction will not lie to prevent police officers from entering a place of business for which a license is required for the purpose of ascertaining whether a license has been obtained.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. G. Deal and Frank J. Mahoney for Appellant.

George Lull, City Attorney, and Maurice T. Dooling, Jr., Assistant City Attorney, for Respondent.

STURTEVANT, J.—Plaintiff commenced an action to obtain a decree perpetually enjoining the defendant, its tax collector, agents, and employees, from collecting a license tax provided in a purported ordinance, and from enforcing the provisions of said ordinance, and to declare said ordinance

null and void. The defendant city appeared and answered; judgment went for the defendant and the plaintiff has appealed. To support his appeal, the plaintiff has brought up the judgment-roll including an agreed statement of facts in lieu of findings of fact. The agreed statement sets forth everything that is set forth in the complaint and answer and some additional matters. From the statement we are informed that the defendant is a municipal corporation; that the plaintiff is a broker engaged in selling stocks and bonds; that on July 1, 1920, an ordinance became effective under and by virtue of the terms of which a license tax is imposed upon brokers engaged in such a business as is the plaintiff; that by the terms of the ordinance all police officers are appointed inspectors of licenses and as such required to examine all places of business and persons on their respective beats liable to pay a license, and to see that such licenses are taken out, and to make arrests for the violation of the provisions of the ordinance. The police officers are further commanded to enter any place of business for which a license is required, and to demand the exhibition of such a license. It is further provided that the police officers shall cause complaints to be filed against all persons violating any of the provisions of the ordinance, and the chief of police is directed to carry into effect its provisions. The statement recites that the police officers of the city and county of San Francisco have been instructed thereupon to enter the place of business of plaintiff for the purpose of making the inspection provided for in said ordinance, and for no other purpose. It will be noted that the statement of facts does not contain any information as to whether by the terms of the ordinance, or by the terms of the charter, or otherwise, it is provided that moneys collected pursuant to an invalid ordinance may be recovered back, neither does the statement of facts directly aver that it is a misdemeanor for such persons as the plaintiff to transact business without first procuring a license. However, there are some intimations in the provisions of the ordinance which have been quoted that lead us to believe that the ordinance does contain such a provision. The appellant contends that the ordinance is invalid; the respondent replies that whether the ordinance is valid or invalid, plaintiffs were not entitled to an in-

junction. As this reply seems to us to be well founded, we will not attempt to discuss any other matters.

[1] It does not appear from the record before us that the plaintiff is the owner of any real estate, or that the officers · or agents of the defendant city are in any manner trespassing upon the plaintiff's real property, or that they are in any manner injuring the plaintiff's property rights. Conceding, without deciding, that the ordinance in question is invalid, such invalidity, standing alone, does not entitle the plaintiff to a writ of injunction. (*Dodge* v. *Osborn,* 240 U. S. 118, 121 [60 L. Ed. 557, 36 Sup. Ct. Rep. 275, see, also, Rose's U. S. Notes].) If the ordinance in question is valid, of course, it is the absolute duty of the police officers to enforce the same. If it is invalid and they attempt to enforce it, doing nothing more than is set forth in the foregoing statement of facts, they should not be enjoined. In 25 Cyc. 632, it is said: ''Even though the act or ordinance imposing a license tax be alleged to ` be invalid or unconstitutional, injunction will not lie to restrain its collection where an adequate remedy at law exists, where irreparable injury or other ground for equitable interposition is not shown to exist, or where judgment has been taken for a license tax imposed by a void act or ordinance.'' *Williams* v. *County Court,* 26 W. Va. 488 [53 Am. Rep. 94], involved a license tax. On page 497 of 26 W. Va. [53 Am. Rep. 94] the court says: ''The bill in this case was filed to restrain the collection from the several complainants of a tax assessed against them separately in respect to the business in which each is engaged. It is a personal tax purely. It was decided at an early day in this state that equity has no jurisdiction to restrain the collection of a personal tax, even conceding it to be illegal; the ordinary legal remedies being ample for . the parties' protection. (*Williams* v. *Detroit,* 2 Mich. 560.) The principle has ever since been regarded as not open to controversy in this state, and it was applied without its soundness being contested in *Henry* v. *Gregory,* 29 Mich. 68, decided last year. In other states it is supported by a strong preponderance of authority.'' And thereupon the court cites a long list of authorities. *Pacific Whaling Co. v. United States,* 187 U. S. 447 [47 L. Ed. 253, 23 Sup. Ct. Rep. 154, see, also, Rose's U. S. Notes], was a case involving the collection, etc., of a

license tax. There, as here, it was contended that the tax was invalid. On page 452 of 187 U. S. [47 L. Ed. 253, 23 Sup. Ct. Rep. 156] the court said: "Something more than mere illegality is necessary to justify the interference of a court of equity. But it does not appear that the tax if unpaid would cast a cloud upon the title to any real estate, or work irreparable injury. While it may be that the failure to pay the tax would expose the petitioner to a multiplicity of prosecutions for misdemeanor, yet neither the district court, nor the judge, nor the clerk, initiates criminal proceedings, and the district attorney—the prosecuting officer—was not made a party to the suit. True, an order was entered that he be notified of the pendency of the application and he appeared as *amicus curiae.* Even had he been made a party, would equity entertain a bill to restrain criminal prosecutions? (*In re Sawyer,* 124 U. S. 200 [31 L. Ed. 402, 8 Sup. Ct. Rep. 482]; *Harkrader* v. *Wadley,* 172 U. S. 148 [43 L. Ed. 399, 19 Sup. Ct. Rep. 119]; *Fitts* v. *McGhee,* 172 U. S. 516 [43 L. Ed. 535, 19 Sup. Ct. Rep. 269, see, also, Rose's U. S. Notes].)"

[2] It will be observed from the statement of facts that the plaintiff would have the officers enjoined from visiting his place, from causing him to be arrested, etc. As the plaintiff is engaged in selling stocks and bonds, there are several penal statutes which may possibly be violated. As to all such offenses, as well as to offenses provided for in the ordinance in question, the police officers are within their rights in visiting the premises of the plaintiff. In *Pon* v. *Wittman,* 147 Cal. 280 [2 L. R. A. (N. S.) 683, 81 Pac. 984], a similar claim was set up as against the visits of the police department. On page 293 of 147 Cal. [2 L. R. A. (N. S.) 683, 81 Pac. 989] the court said: "And these premises being public the police officers had the same right to enter upon and traverse the passageways within the main court, and the entrance thereto, as had any other member of the public. In fact, in the enforcement of the law, which was being persistently violated through the existence of these houses of prostitution, these officers had the legal right to be there. It would be preposterous to say that where the public may freely enter to violate the law a police officer is excluded from entering to prevent it. He may patrol these passageways to deter by his presence the com-

mission of crime as he may patrol any other public thoroughfare, and while he does so peaceably and quietly, and in the discharge of his duty, no exception can be taken." In the case of *Sullivan* v. *San Francisco Gas etc. Co.,* 148 Cal. 368, 371 [7 Ann. Cas. 574, 3 L. R. A. (N. S.) 401, 83 Pac. 156, 157] the court said: "Courts of equity will, in proper cases, enjoin the attempt to enforce a law or ordinance making certain acts a criminal offense and imposing a punishment therefor, where the law or ordinance is invalid and its enforcement will *injure or destroy the plaintiff's property rights."* (Italics ours.) In that case the court continues by citing the case of *Crighton* v. *Dahmer,* 70 Miss. 602 [35 Am. St. Rep. 666, 21 L. R. A. 84, 13 South. 237], and the note attached to that case. We cannot do better than repeat the citation. (See, also, *Fritz* v. *Sims,* 122 Tenn. 137 [135 Am. St. Rep. 867, 19 Ann. Cas. 458, 119 S. W. 63].) Bearing in mind that a superior court in California may exercise either law powers or equity powers, a further quotation from the Sullivan case is pertinent. On page 373 of 148 Cal. [7 Ann. Cas. 574, 3 L. R. A. (N. S.) 401, 83 Pac. 157] the court says: "The object apparently sought by the suit is a judicial determination of these questions in a court of equity, to be used as a precedent in the criminal courts upon the trial of prosecutions under section 593, or which would have the effect of deterring the defendants from beginning such prosecutions. The superior court is as competent to decide such questions when sitting as a criminal court in the trial of a criminal cause as it would be upon the trial of a suit in equity, and there is no reason why the plaintiffs should not be restricted to the criminal courts for the preservation of their rights and the maintenance of their defenses. However desirable and beneficial such a pre-determination by a court of equity would be, it gives no right to invoke equity jurisdiction." In *Fitts* v. *McGhee,* 172 U. S. 516 [43 L. Ed. 535, 19 Sup. Ct. Rep. 269, see, also, Rose's U. S. Notes], the court cites several cases on the point and among these, at page 531 of 172 U. S. [43 L. Ed. 535, 19 Sup. Ct. Rep. 275], quotes as follows: "The office and jurisdiction of a court of equity, unless enlarged by express statute, are limited to the protection of rights of property. It has no jurisdiction over the prosecution, the punishment or the

pardon of crimes and misdemeanors, or over the appointment and removal of public officers. To assume such a jurisdiction, or to sustain a bill in equity to restrain or relieve against proceedings for the punishment of offenses, or for the removal of public officers, is to invade the domain of the courts of common law, or of the executive and administrative departments of the government.'' And indeed, in California, the rule is statutory. Section 526 of the Code of Civil Procedure provides: '' . . . An injunction cannot be granted: . . . 4. To prevent the execution of a public statute by officers of the law for the public benefit. . . . ''

At an early date, Mr. Justice Field, writing the opinion of the court in *Dows* v. *City of Chicago,* 11 Wall. (U. S.) 110 [20 L. Ed. 65, see, also, Rose's U. S. Notes], said: ''No court of equity will, therefore, allow its injunction to issue to restrain their action, except where it may be necessary to protect the rights of the citizen whose property is taxed, and he has no adequate remedy by the ordinary processes of the law. It must appear that the enforcement of the tax would lead to a multiplicity of suits, or produce irreparable injury, or where the property is real estate, throw a cloud upon the title of the complainant, before the aid of a court of equity can be invoked.'' That case has been cited and followed in California from the earliest times. (*Crocker* v. *Scott.* 149 Cal. 575, 594 [87 Pac. 102].)

It is patent, therefore, that in this case the plaintiff was not entitled to any relief as from a court of equity. The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.