ERIE RAILROAD COMPANY, Plaintiff, *v.* THE VILLAGE OF ELMIRA HEIGHTS and others, Defendants.

Supreme Court, Chemung County, July 14, 1925.

Injunction — action for injunction restraining defendant from enforcing ordinance requiring plaintiff to install gates and guard crossings in defendant village and from suing plaintiff for violation of said ordinance — illegality of ordinance constitutes such defense as to give plaintiff adequate remedy at law — equity will not restrain action for enforcement of ordinance though invalid — complaint dismissed.

Plaintiff is not entitled to an injunction restraining the defendant from enforcing an ordinance requiring said plaintiff to install gates at a grade crossing in defendant's village and from suing the plaintiff for alleged violations of said ordinance, on the theory that said ordinance is illegal and void, since the illegality of said ordinance, constituting a perfect defense to any action at law which defendant might prosecute against plaintiff for its enforcement, gives plaintiff an adequate remedy at law. Moreover, it does not appear that any serious property rights of plaintiff are threatened so as to bring about irreparable damage or injury.

However, equity will not restrain an action for the enforcement of an ordinance, though it be invalid and plaintiff's complaint should be dismissed.

MOTION to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and that the court has no jurisdiction of the subject of the action.

*Stanchfield, Collin, Lovell & Sayles,* for the plaintiff.

*McDowell & McDowell,* for the defendants.

RHODES, J.:

The complaint seeks an injunction restraining the defendant from enforcing an ordinance heretofore adopted, requiring the plaintiff to install gates at a highway in said defendant village known as Suffern's Crossing, where the right of way of plaintiff

crosses Oakwood avenue in said village. The complaint further asks that defendants be enjoined from suing plaintiff for alleged violation of said ordinance and that such ordinance be declared null and void, and that plaintiff have such other and further relief as may be just and equitable.

Defendants base their objection to the complaint upon the fact that plaintiff has an adequate remedy at law; that no irreparable damage is threatened to plaintiff and that a court of equity will not restrain a prosecution to enforce a penal law.

Plaintiff's complaint is founded upon the theory that said ordinance is illegal and void. Assuming this to be true, it is obvious that such illegality would constitute a perfect defense to any action at law which might be brought against plaintiff for its enforcement. Plaintiff has, therefore, an adequate remedy at law. It does not appear that any serious property rights of plaintiff are threatened to such an extent as will cause irreparable damage or injury. There is no threatened interference with the operation of plaintiff's road. The only jeopardy to its property is the penalty of twenty-five dollars provided in the ordinance for its violation, and, of course, this penalty cannot be exacted until the determination of the action brought for its enforcement, the result of which action must first be in favor of the validity of the ordinance, otherwise plaintiff will be liable for no penalty.

But even assuming the ordinance to be invalid, equity will not restrain an action for its enforcement. (See *Fox* v. *Fitzpatrick,* 190 N. Y. 259; *Wallack* v. *Society for the Reformation of Juvenile Delinquents,* 67 id. 23; *Lee* v. *O'Malley,* 140 App. Div. 595; *Davis* v. *American Society for the Prevention of Cruelty to Animals,* 75 N. Y. 362; *Delaney* v. *Flood,* 183 id. 323; *Eden Musee Am. Co., Ltd.,* v. *Bingham,* 125 App. Div. 780; *Fitts* v. *McGhee,* 172 U. S. 516; *Wolfe* v. *Burke,* 56 N. Y. 115.) Neither is this a case where equity will interfere to restrain a threatened multiplicity of suits. (See *Balogh* v. *Lyman,* 6 App. Div. 271.)

Plaintiff, in support of his right to maintain this action, cites *Biddles* v. *Enright* (239 N. Y. 354), but in that case the court pointed out that the acts complained of constituted an interference with property rights calling for the intervention of equity to prevent irreparable damage. This distinction also was pointed out in *Buffalo Gravel Corporation* v. *Moore* (201 App. Div. 242), cited by plaintiff, and it should be observed that in that case the complaint which was for an injunction to restrain threatened prosecution was dismissed, and the dismissal affirmed in 234 New York, 542, upon the ground that equity would not enjoin the prosecution of indictments against the plaintiffs therein.

For the reasons stated, it is, therefore, unnecessary to decide at this time whether the ordinance referred to is valid or invalid.

Defendants' motion should be granted and plaintiff's complaint dismissed, with costs.