Monroe Greyhound Association, Inc., Plaintiff, *v.* Joseph M. Quigley, Chief of the Police Department of the City of Rochester, New York, and Others, Defendants.

Supreme Court, Monroe County, September 6, 1927.

**Crimes — injunction — injunction to restrain prosecution of crime denied.**

The plaintiff's application to restrain the defendants, police officers of the city of Rochester, from enforcing the criminal statutes is denied.

Order to show cause why a temporary injunction should not be continued.

*Joseph P. Doyle* and *James R. Creary,* for the plaintiffs.

*George B. Draper, Deputy Corporation Counsel,* and *George J. Nier, Assistant District Attorney,* for the defendants.

Thompson, J.    This injunction must be vacated because power to continue it does not rest with the court.

It is a general rule that injunction will not issue to stay criminal or quasi criminal proceedings, whether the prosecution is for the violation of a statute or an ordinance.    Even though complainants were indicted under a void statute, a court of equity could not interfere, this extraordinary relief by injunction against the prosecution of a crime being only available where there is no other remedy and the courts holding that trial by jury, habeas corpus, motion and plea are abundant safeguards in such instances, especially in the light of the serious consequences likely to follow the arbitrary tying of the hands of those intrusted with the enforcement of penal statutes.

Nor is it ground for injunctive relief that prosecuting officers have wrongfully construed the statute on which the prosecution or threatened prosecution is based, so as to include the act or acts which it is their purpose to punish, or that their motives in instituting the prosecution are unworthy.    Neither will equity intervene in such cases though enforcement would materially injure the plaintiffs' business or property.    It is only where the statute itself is void that enforcement of it will be enjoined and then only in a case

Supreme Court, September, 1927.     [Vol. 130

where serious damage to the property or business of the suitor would follow. (*Erie R. R. Co.* v. *Village of Elmira Heights,* 125 Misc. 441; *Owid* v. *Moushaty,* Id. 535.)

It is settled that a court of equity generally speaking has no jurisdiction over the prosecution, punishment or pardon of crimes or misdemeanors. (*Matter of Sawyer,* 124 U. S. 200, 210.)

True a distinction obtains, and equitable jurisdiction exists to restrain criminal prosecutions under unconstitutional enactments, when the prevention of such prosecutions is essential to the safeguarding of rights of property. (*Truax* v. *Raich,* 239 U. S. 33, 37; *Hygrade Provision Co., Inc.,* v. *Sherman,* 266 id. 497; *Biddles, Inc.,* v. *Enright,* 239 N. Y. 354; *Buffalo Gravel Corporation* v. *Moore,* 201 App. Div. 242; affd., 234 N. Y. 542.) But such is not the case here, the validity of the statute which applies not being questioned.

There is nothing in the case at bar to take it out of the fundamental rule that equity will not interfere to prevent the enforcement of the criminal law. In the words of Judge EARL writing in the case of *Davis* v. *American Society for the Prevention of Cruelty to Animals* (75 N. Y. 362): " This action is absolutely without sanction in precedents or principles of equity." (*Kalwin Business Men's Association, Inc.,* v. *McLaughlin,* 216 App. Div. 6.)

Whether the acts of the plaintiffs amount to a violation of any of the statutes of the State of New York is not here for determination. The only thing we decide is that sufficient facts are not presented to move a court of equity to restrain the various defendants, who are charged with the responsibility of maintaining law observance in the city of Rochester and county of Monroe, from proceeding against the plaintiffs in case the vigilance and discretion of these officers leads them to believe that the conduct of the plaintiffs' business is contrary to the criminal statutes. (*Alexander* v. *Enright,* 211 App. Div. 146.)

The motion for an injunction pending the trial of the action is denied and the temporary injunction heretofore granted is vacated.