STATE ex rel. FREEBOURN, Relator, v. DISTRICT COURT et al., Respondents.

(No. 6,540.)

(Submitted July 6, 1929. Decided July 11, 1929.)

[279 Pac. 234.]

440

Mr. H. J. Freebourn, County Attorney, Messrs. Harlow Pease, Nick Rotering and Henry Levinski, Mr. L. A. Foot, Attorney General, and Mr. L. V. Ketter, Assistant Attorney General, for Relator, submitted a brief; Mr. Pease and Mr. Ketter argued the cause orally.

*Messrs. Kremer, Sanders & Kremer,* for Respondents, submitted a brief; *Mr. Louis P. Sanders* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an original application for a writ to prohibit the respondents from entertaining a certain injunction proceeding pending before said court, and to annul and set aside a temporary restraining order issued by respondents.

From the application of relator and the return of respondents it appears that on June 28, 1929, the Highland Kennel Club filed its complaint against the county attorney in the district court of Silver Bow county, in which it alleged that it is a corporation organized for the purpose, among others, of conducting and maintaining contests and exhibitions of speed, skill, and endurance of animals or beasts; that it is the owner of property used for these purposes, of the reasonable value of $75,000, which cannot be used for any other purpose. It is alleged that the plan and purpose of the Kennel Club is to open and conduct a fair or race meeting in Silver Bow county for thirty days, commencing June 28, 1929, at which there will be contests of speed, skill, and endurance of animals or beasts, and particularly among dogs trained in racing, all of which it is alleged will be conducted in accordance with the provisions of Chapter 103 of the Laws of 1929. It is alleged that the defendant, as county attorney of Silver Bow county, without lawful cause or justification, threatens to enjoin the club from so doing, to arrest the officers, agents, servants and employees of the club, if they conduct the race meeting, and to seize, levy upon, and take into possession property of the club, used in the business; that, unless restrained, defendant will carry out the threats so made, to the injury and damage of the club and its property. It is alleged that the threatened acts are arbitrary, capricious and unreasonable; that plaintiff has no plain, speedy or adequate remedy at law. Plaintiff asks for an order restraining and enjoining the defendant from interfering with it and its property.

Upon the filing of the complaint an order to show cause was issued and made returnable on July 5, 1929, and a temporary restraining order was issued, restraining the defendant from interfering with plaintiff, its servants, agents, and employees in conducting the race meeting by injunction, arrest, or seizure of its property, until the further order of the court. Later an amended complaint was filed, alleging the insolvency of the defendant and that his official bond will not afford sufficient protection to plaintiff from the damages that would follow in case the defendant carries out his threats.

The application here alleges, in substance, that the races conducted by the Kennel Club are conducted in violation of the laws of the state of Montana, within the actual and personal knowledge of relator as county attorney of Silver Bow county, and that it is his duty under the law to inform against those committing the offenses, under penalty of being subjected to ouster proceedings for failure to do so, but that he is prohibited by the restraining order of the respondents from taking any action. It is alleged that the restraining order is void, because the complaint on which it is based does not state facts sufficient to entitle the club to the relief demanded, or to that granted by the restraining order. On the filing of the application this court issued an alternative writ of prohibition, suspending further proceedings in the court below, pending the hearing here. The question now presented is whether the writ should be made permanent.

It is the contention of relator that a court of equity is without jurisdiction to enjoin criminal prosecutions. That this is the general rule can admit of no doubt. This court, in the case of *State ex rel. Stewart* v. *District Court*, 77 Mont. 361, 49 A. L. R. 627, 251 Pac. 137, speaking through Mr. Chief Justice Callaway, said: "As a general rule a court of equity will take no part in the administration of the criminal law, and may not enjoin either the commission of crimes or their prosecution and punishment. The legal remedies for the vindication of the criminal law and the enforcement of the public policy of the state are deemed fully adequate and pecu-

liarly appropriate. (21 C. J. 155.) Ruling Case Law says it is a universally acknowledged principle that a court of equity has no jurisdiction in matters merely criminal or immoral. It leaves the correction of these matters to the criminal courts. The rule which prevents a court of chancery from interfering with the administration of the criminal laws of the state is a wise one, founded upon sound principles of public policy. Any other would result in much confusion and embarrassment in preserving peace and order and enforcing the police power of the state generally. (10 R. C. L. 341, 342.'' (See, to the same effect, 14 R. C. L. 426; 32 C. J. 279, and the cases there cited.)

Respondents, conceding the general rule to be as above stated, contend that the proceedings here complained of come within a well-established exception to the rule. In effect respondents contend that a court of equity will enjoin arbitrary and unlawful acts of a prosecuting officer charged with the duty of enforcing criminal laws, in order to prevent unlawful interference with property rights. The courts recognize an exception to the general rule when property rights are invaded by the threatened prosecution under a void statute. Hence equitable jurisdiction exists to restrain criminal prosecutions under unconstitutional or invalid statutes when necessary to safeguard property rights. (32 C. J. 243, 279, 280.) But in this case no contention is made that the law under which the prosecutions are threatened is unconstitutional or invalid. The only claim here made by the Kennel Club is that the county attorney threatens prosecutions which, if not restrained, will injure it in its business and property, notwithstanding it is not operating in violation of the statute.

But the question whether the manner in which the club is conducting its business constitutes a criminal offense is a question to be determined by the court sitting as a court of law in a criminal case, and not as a court of equity. (*Sullivan* v. *San Francisco Gas & Electric Co.*, 148 Cal. 368, 7 Ann. Cas. 574, 3 L. R. A. (n. s.) 401, 83 Pac. 156.) ''Simply that one is in business, and may be injured in respect of his business

by prosecution for an alleged crime, is no sufficient reason for asking a court of equity to ascertain in advance whether the business as conducted is in violation of a penal statute.'' (*Shuman* v. *Gilbert,* 229 Mass. 225, Ann. Cas. 1918E, 793, L. R. A. 1918C, 135, 118 N. E. 254.)

A case involving a similar question is that of *Monroe Greyhound Assn.* v. *Quigley,* 130 Misc. Rep. 357, 223 N. Y. Supp. 830, where it was held that a court of equity would not enjoin the enforcement of criminal laws, even though the threatened action would materially injure the plaintiff's business or property. (See, generally, 32 C. J. 281.) And the fact that the county attorney is alleged to be insolvent, coupled with the further fact of alleged irreparable damages in the event of criminal prosecution, does not authorize a court of equity to interfere. (*Brown* v. *City of Birmingham,* 140 Ala. 590, 37 South. 173.) Likewise it is the general rule that a court of equity will not enjoin a party from proceeding with a suit in equity as attempted by the order here complained of. (32 C. J. 110.) An injunction will not lie to restrain proceedings for the seizure or forfeiture of property used in violation of law. (*Harris & Co.* v. *O'Malley* (C. C. A.), 2 Fed. (2d) 810; *Cullen* v. *Esola* (D. C.), 21 Fed. (2d) 877.) By statute in this state the courts are prohibited from issuing injunctions ''to prevent the execution of a public statute, by officers of the law, for the public benefit.'' (Rev. Codes 1921, sec. 9242, subd. 4.) See, in this connection, *Moise* v. *City and County of San Francisco,* 55 Cal. App. 151, 203 Pac. 143, where an identical statute was applied. This section has application here, since the validity of Chapter 103, Laws of 1929, is not questioned.

No facts are alleged in this case to take it out of the general rule that equity will not interfere to restrain the enforcement of the criminal laws. Whether the Kennel Club is conducting its business in violation of the criminal laws is not before us. The complaint as amended does not state facts sufficient to entitle plaintiff to equitable relief. The respondents were without jurisdiction to issue the restraining order.

The peremptory writ as prayed for will issue forthwith, staying further action by respondents, with directions to vacate and annul the restraining order and to dismiss the proceedings.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.