STATE EX REL. BRADFORD ET AL., RELATORS, v. EWING
ET AL., RESPONDENTS.

No. 8786

Submitted November 18, 1947. Decided December 15, 1947.

187 Pac. (2d) 389

Mr. Truman G. Bradford, Co. Atty., and Mr. R. J. Nelson and Mr. W. H. Swanberg, Deputy Co. Attys., all of Great Falls, Mr. R. V. Bottomly, Atty. Gen., and Mr. Clarence Hanley, Asst. Atty. Gen., for relators.

: Mr. E. J. Stromnes, of Great Falls, and Mr. Sherman W. Smith, of Helena, for respondent.

MR. CHIEF JUSTICE ADAIR delivered the opinion of the Court.

Original proceeding. Application for writ of prohibition.

Relators, respectively the county attorney and sheriff of Cascade county, had threatened to seize and confiscate a coin operated slot machine owned and operated by Cascade Sportsmen's Club in the town and county of Cascade, Montana. To prevent such confiscation the club commenced a suit in equity in the respondent district court before the respondent district judge seeking an injunction against relators. Respondents made and issued an order directing relators to show cause on a day certain and enjoining relators from entering upon the club's premises and from seizing the slot machine. Thereupon relators applied to this court for a writ to prohibit respondents from entertaining the injunction proceeding and to review and set aside the aforesaid restraining order. An alternative writ of prohibition issued, to which respondents filed a motion to quash and also a return without prejudice to their motion. Oral argument was had. We find no merit in the motion to quash and the same is denied. The case then is for our consideration upon relators' application for the writ, respondents' return and the admissions made in the briefs and argument of counsel.

The suit in equity is entitled, "Cascade Sportsmen's Club, a corporation, plaintiff v. Truman G. Bradford, as county attorney of Cascade county, Montana, and D. J. Leeper, as sheriff of Cascade county, Montana." The verification to the complaint is by H. L. Prigge as president of the plaintiff club.

The complaint in the equity suit alleges: That plaintiff, Cascade Sportsmen's Club, is an "incorporated non-profit club * * * organized * * * under * * * the laws of the State of Montana * * * with its principal place of business * * * and facilities located in the town of Cascade; that for its corporate purposes, the diversion and entertainment of its paid up mem-

bers only and for the purpose of obtaining funds for the furtherance of its charitable and civic program, the plaintiff * * * does now own, operate and maintain on and in its premises *.* * a certain coin operated machine, commonly referred to as a 'slot machine,' bearing serial number 511595''; that ''plaintiff was by the State of Montana duly licensed to own and operate said machine after investigation by and payment to the State Board· of Equalization * * * of the lawful license fee payable to said state for the privilege of ownership and license 'entitling' plaintiff to own and operate said machine for the purposes hereinbefore mentioned during all the calendar year of 1947''; that plaintiff had also ''paid each and all other license fees and taxes to subdivisions of the State of Montana lawfully chargeable and imposed for the privilege of owning and operating such machine * * * that the entire profit, if any therefrom, save such charitable and civic programs, as under the articles of incorporation of plaintiff provided receive benefits and contributions from the plaintiff made possible in part by the profit, if any, arising out of the ownership and operation of said machine''; that ''in the conduct of its club operations and for the sole and exclusive use, benefit, convenience, and pleasure of its paid up and accepted members, * * * plaintiff maintains substantial, wholesome and commodious club quarters in a building in said town of Cascade wherein the slot machine * * * is now owned and being operated by the plaintiff as aforesaid, and not otherwise * * * that the ownership and continued maintenance and operation of said machine is needful and necessary to the plaintiff in order that plaintiff may obtain the necessary funds to sponsor, aid, further and assist its charitable, and benevolent, and civic program and activities as by its charter and articles of incorporation particularly set forth enumerated and lawfully permitted''; that ''no person or persons other than the plaintiff, and its accepted paid up members, other than the representatives of the State Board of Equalization and ·the State Liquor Control

Board have had nor do they now have, nor will they ever have, without the invitation of the plaintiff, authority or permission to enter or trespass into or upon plaintiff's premises * * * and that no person or persons other than accepted and paid up members are permitted to enter therein or thereon by the plaintiff''; that ''the defendants in their respective capacities aforementioned are here and now specifically informed that they are not invited into or upon plaintiff's premises and will be ejected therefrom if they seek or attempt to enter thereon by the plaintiff, as plaintiff is advised it has the lawful right to do, unless such ejection would constitute a breach on plaintiff's part of the peace''; that ''the defendants and each of them have repeatedly threatened and do still and now threaten that they will forcibly enter and * * * seize and carry away and retain in their possession the slot machine * * * and that they will forcibly demolish said machine and destroy the same after they have obtained its possession and confiscate the proceeds in money contained in said machine * * * unless restrained by an order of this court from so doing and thereby cause injury, pecuniary loss incapable of reasonable or satisfactory computation and irreparable damage not measured by monetary standards to the business and social standing and repute of the plaintiff and its members; and that if defendants * * * are not restrained a multiplicity of actions and suits will be made necessary and will of necessity be brought or required to be brought by the plaintiff against the defendants * * * that pecuniary compensation against the defendants * * * will not afford adequate relief to the plaintiff * * * that it is ready, able and willing to do equity and abide by all the orders of the court herein, but that its remedy at law under the facts and circumstances alleged is not adequate.'' :

In the course of the oral argument before this court it was admitted that shortly before the injunction proceeding was instituted the county attorney and the sheriff of Cascade county on two separate occasions entered the building occupied by

the plaintiff club and that on each occasion said officers seized and removed therefrom certain slot machines there found in operation and that on each occasion the club's president, H. L. Prigge, was arrested and that following each arrest a criminal action was filed against him charging him with having violated the gambling laws of the state of Montana by operating the slot machines, which criminal actions are now pending and undetermined in the courts of Cascade county. None of these admitted facts are pleaded in plaintiff's complaint in the equity suit.

A plaintiff seeking the aid of a court of equity to obtain the ▮ extraordinary remedy of injunction must make a full and candid disclosure of all the facts to that court. The plaintiff "should not only show his hand, but open it wide." Stangier v. Goad, 163 Or. 314, 97 Pac. (2d) 191, 192. Compare People v. Postma, 69 Cal. App. (2d) Supp. 814, 160 Pac. (2d) 221.

The general rule is that an injunction will not be granted ▮ either to enforce or prevent the enforcement of the criminal law. 43 C. J. S., Injunctions, sec. 156; 32 C. J., Injunctions, sec. 438, notes 11-17. Also see: 43 C. J. S., Injunctions, notes 49, 50, sec. 150. Such is the rule in this state. State ex rel. Freebourn v. District Court of Second Judicial District (Judge Carroll), 85 Mont. 439, 279 Pac. 234; State ex rel. Stewart v. District Court of Eighteenth Judicial District (Judge Rose), 77 Mont. 361, 251 Pac. 137, 49 A. L. R. 627.

The question of whether the method or manner in which ▮ Cascade Sportsmen's Club conducts its business and operates its slot machines violates the criminal laws of this state is not before this court. Such question is to be determined by the court sitting as a court of law in a criminal case and not while sitting as a court of equity in a civil suit. State ex rel. Freebourn v. District Court and Judge Carroll, supra.

The complaint in the equity suit fails to state facts sufficient to entitle the plaintiff to injunctive relief. Under the facts of this case such remedy is expressly withheld from use by

the court and respondents were without jurisdiction to issue the restraining order.

It is ordered that the restraining order be set aside and vacated and that the peremptory writ prayed for issue forthwith prohibiting further action by respondents in said equity suit other than the making and entering of an order annulling and vacating the restraining order and dismissing the action.

Associate Justices Choate, Gibson, Angstman and Metcalf concur.