No. 8820. IN THE MATTER OF THE APPLICATION OF
ALFRED FREDERICK CAMPEAU.

Decided March 24, 1948.

### PER CURIAM

The petition of Alfred Frederick Campeau shows that he was
lawfully committed to the state prison at Deer Lodge in Powell
county where he is now serving a sentence imposed upon him

by the judgment of the district court of Yellowstone county, Montana; that with the customary good time allowance he will be eligible for release on or about March 30, 1948; that he has been notified that upon his release he will be placed under arrest by the sheriff of the county of Flathead, Montana, to be taken from the county of Powell to the county of Flathead by such officer, and he here seeks a writ from this court enjoining and restraining his arrest by the sheriff of Flathead county contending that only the sheriff of Powell county has authority to make such arrest and also contending that he may not be lawfully removed from Powell county without having first been indicted by a grand jury.

Criminal actions in a justice of the peace court are commenced by the filing of a complaint and in the district courts of this state by the filing on the part of the state of either an indictment or an information.

When an indictment is found against a defendant a warrant must issue for his arrest (sec. 11839, Rev. Codes of Montana 1935) but warrants of arrest may also issue upon the filing of an information in the district court.

"If a warrant is issued by a justice of the supreme court, or judge of a district court, it may be directed generally to any sheriff, constable, marshal, or policeman in the state, and may be executed by any of those officers to whom it may be delivered in any part of the state." Section 11736, Rev. Codes of Montana 1935.

"A justice of the supreme court, or a judge of the district court, may, by an indorsement under his hand upon a warrant of arrest, authorize the service thereof by telegraph, and thereafter a telegraphic copy of such warrant may be sent by telegraph to one or more peace officers; and such copy is as effectual in the hands of any officer, and he must proceed in the same manner under it, as though he held an original warrant issued by the magistrate making the indorsement thereon." Section 11767, Rev. Codes of Montana 1935.

"If the person making the arrest is acting under the authority

of a warrant, he must show the warrant, if required." Section 11759, Rev. Codes of Montana 1935.

The application of the petitioner shows that his present restraint is lawful and pursuant to the judgment of a court of competent jurisdiction in the state.

If a criminal action has been properly commenced against petitioner in a court of competent jurisdiction in Flathead county and a warrant for petitioner's arrest has been issued therein directed to the sheriff of Flathead county, such warrant would be the authority under which the officer would act in arresting petitioner by taking him into custody and such warrant the officer could execute in Powell county as well as Flathead county. Sec. 11736, R. C. M.

In the recent case of State of Montana ex rel. Truman G. Bradford as county attorney of Cascade County of Montana and D. J. Leeper as sheriff of Cascade county of Montana v. H. H. Ewing, District Judge, etc. No. 8786, 120 Mont. 463, 187 Pac. (2d) 389, this court announced and followed the general rule which is that an injunction will not be granted to prevent the enforcement of the criminal law.

The facts stated in the petition are wholly insufficient to entitle the petitioner to injunctive relief. Accordingly, the writ is denied and the petition ordered dismissed.