STATE ex rel. OLSEN, Relators, v. HORSKY, et al.,
Respondents.
No. 8913
Submitted June 10, 1949. Decided June 16, 1949.
206 Pac. (2d) 1157

Arnold H. Olsen, Attorney General, Charles V. Huppe, Assistant Attorney General, Melvin E. Magnuson, County Attorney, Helena, for Relators. Mr. Olsen and Mr. Magnuson argued the cause orally.

Mr. Floyd O. Small and Mr. Edwin K. Cheadle, both of Helena, for respondent. Mr. Small and Mr. Cheadle argued the cause orally.

Mr. Merle C. Groene, Billings, amicus curiae.

PER CURIAM.

This is not an appeal to this court but it is an original proceeding here instituted seeking a writ of prohibition to prohibit the respondents, A. J. Horsky, a district judge of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark and said court, sitting as a court of equity, in a suit therein captioned, "The Diversion Club, a non-profit corporation, plaintiff, vs. E. R. Munger, Arnold H. Olsen and Melvin E. Magnuson, defendants," from tying the hands of Munger, sheriff of Lewis and Clark county, Olsen, the attorney general of Montana, and Magnuson, the county attorney of Lewis and Clark county, by an injunctive order issued May 21, 1949, enjoining them "from in any manner interfering with the conduct and operation of plaintiff's business, including the operation of its said slot machines in its club and recreation room, situated in a portion of that certain building in Lewis and Clark county, Montana * * * known as the Colonial Club * * * and from seizing and confiscating * * * plaintiff's said slot machines or instituting or causing to be instituted an action against the plaintiff for the alleged violation of the Laws of the State of Montana because of plaintiff's operation of said slot machines."

Because of the general rule that an injunction may not be granted to prevent the enforcement of the criminal law (State ex rel. Bradford v. Ewing, 120 Mont. 463, 187 Pac. (2d) 389, 391; State ex rel. Freebourn v. District Court, 85 Mont. 439, 279 Pac. 234; State ex rel. Stewart v. District Court, 77 Mont. 361, 251 Pac. 137, 49 A. L. R. 627), it follows that the district court's injunctive order is void, and this court, on May 23, 1949, on the ex parte application of the State on the relation of Munger, Olsen and Magnuson, issued herein an alternative writ of prohibition against respondents returnable on a day certain.

At the hearing on the return of the alternative writ and on relators' application for the issuance of a peremptory writ of

prohibition it appeared that subsequent to the issuance of the alternative writ the relators Munger and Olsen, armed with a search warrant issued out of the Justice Court of Helena Township, Lewis and Clark county, Montana, before A. J. White, Justice of the Peace, searched the premises and place of business of the plaintiff Diversion Club, seized and carried away the paraphernalia found therein, arrested the person found in charge thereof, and filed and are prosecuting criminal charges against him.

The question of whether the accused or the Diversion Club has violated or is violating the criminal laws of this state is not before this court in this proceeding to obtain a writ of prohibition nor is it a matter to be determined in an equity suit. Such question is to be first determined by the court sitting as a court of law in a criminal case and not while sitting as a court of equity in a civil case. State ex rel. Bradford v. Ewing, supra; State ex rel. Freebourn v. District Court, supra.

The alternative writ of prohibition issued by this court untied the hands of the public officers charged with the enforcement of the criminal laws and with their release from such restraint placed upon them by respondents, the officers seized the paraphernalia and arrested the alleged offender so that upon the undisputed facts represented to this court upon the return, the matter of the issuance of the peremptory writ of prohibition has become and is now moot. The law neither does nor requires an idle act. Since there is nothing now to prohibit, the peremptory writ is denied and the proceedings dismissed.

Rehearing denied June 20, 1949.